NEW ORLEANS GAS-LIGHT Co. *v.* LOUISIANA LIGHT & HEAT PRODUCING
& MANUF'G Co.*

*(Circuit Court, E. D. Louisiana.  March, 1882.)*

1. CONSOLIDATION OF CORPORATIONS.
     When two corporations consolidate under a general law permitting it, both
     the old corporations are dissolved and a new corporation created, and (query)
     would the life of the new corporation only be that of the shorter-lived amal-
     gamating corporation?

2. ACT OF LOUISIANA OF DECEMBER 12, 1874.
     The act of Louisiana of December 12, 1874, permitting the consolidation of
     certain corporations, does not permit the consolidation of two companies, the
     life of one of which was to terminate at the commencement of the life of an-
     other.

3. RIGHT TO ATTACK CORPORATE RIGHTS.
     Where defendants are sued on rights depending upon the corporate capacity
     of the complainant, such corporate rights may be attacked as a means of
     defeating the suit.

*Thomas J. Semmes* and *John A. Campbell,* for complainant.

*John M. Bonner, Henry C. Miller,* and *E. Howard McCaleb,* for
defendant.

PARDEE, C. J.   This case was heard by argument on the several
demurrers, and pleas filed, with the understanding that if the de-
murrers were overruled the pleas might be set down or put at issue,
as counsel might determine.

The question in the case is as to the corporate capacity of the com-
plainant, and its right to sue and stand in judgment.  As all the facts
relating to the corporate capacity of the complainant are either
stated in the bill or shown by the exhibits thereto, I think the ques-
tion can be and is fully raised on the demurrer.

It has been argued that the defendants have no right or interest to
attack the corporate capacity of the complainant; that such an attack
can only be made by the state through its attorney general; but I am
inclined to think that where defendants are sued on rights depending
upon the corporate capacity of the complainant, that such corporate
rights may be attacked as a means of defeating the suit.

The bill shows that the New Orleans Gas-light Company was incor-
porated in 1835, with the exclusive privilege of making and vending
gas-lights in the city of New Orleans, which exclusive privilege was to
expire, by act of the legislature and decision of the supreme court of
the state, on the first day of April, 1875; the decision of the supreme

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

court going further, and enjoining the New Orleans Gas-light Company from making and vending gas-lights in the city of New Orleans after' April 1, 1875.

The Crescent City Gas-light Company was incorporated in 1870, by act of the legislature, and declared to have and be entitled to the sole and exclusive privilege of making and vending gas-lights in the city of New Orleans for the term of 50 years from and after the date of the expiration of the charter of the New Orleans Gas-light.Company.

In 1874 the general assembly of the state passed an act entitled "An act to authorize the consolidation of business and manufacturing corporations or companies," approved December 12,·1874, which provides "that any two business or manufacturing companies or corpotions now existing under general or special law, whose objects and business are in general of the same nature, may amalgamate, unite, and consolidate such corporations or companies, and form one consolidated company, holding and enjoying all the rights, privileges, powers, franchises, and property belonging to each, and under such corporate name as they may adopt or agree upon;" and further providing the manner and mode of perfecting the consolidation. And the bill shows that under this act the New Orleans Gas-light Company and the Crescent City Gas-light Company consolidated, amalgamated, and united, under the corporate name of the New Orleans Gas-light Company, on the twenty-ninth day of March, 1875.

The question raised by the demurrer is whether the said act applied to these two gas-light companies, and whether under that act they could consolidate and unite.

On the twelfth day of December, 1874, was the Crescent City Gas-light Company a business and manufacturing corporation or company? It could not, under the terms of its charter and of the charter of the New Orleans Gas-light Company, make and vend gas-light in the city of New Orleans, or manufacture or do business as a gas company, until April 1, 1875, the expiration of the charter and the termination of the exclusive privilege of the latter company. The one company could not live as a business company until the other died as a business company. They were not contemporary business and manufacturing corporations or companies. They were not, in contemplation of law, both in existence as such business and manufacturing companies at the time of the attempted consolidation; and at the date of the law, December 12, 1874, I think it is clear that the Crescent City Gas-light Company was not *an existing* business and manufacturing corporation or company. How could it at

that time be an existing business and manufacturing company when without works, pipes, or mains, it was not only not doing business and manufacturing, but was prohibited by law from so doing prior to April 1, 1875? And in my opinion the consolidation act of 1874 did not apply to or intend to include any corporations created by the legislature, and endowed with peculiar and exclusive franchises and privileges. From the nature of the case it could not have been intended that when one company was endowed with a monoply by the law of the land that there could be another company existing "whose objects and business were of the same nature." Nor could it have been intended by the said act that the elaborate legislation of 1870, creating the Crescent City Gas-light Company, and the amendatory act of 1873, in relation to the same, was thereunder only to result in extending the charter and monopoly features of the New Orleans Gas-light Company for 50 years, which it is apparent the legislature had neglected, if not refused to do directly. And it is a very serious question with me whether, if the said two companies could and did unite under the said consolidation act, the life of the amalgamated company could be or was any longer than that of the shorter company so amalgamating.

Under the constitution and laws in 1874, such companies could only be created and endowed by the legislature, and such charters are not extended by implication or intendment.

And it seems to be undisputed law, as derived from the authorities and admitted in argument in this case, that when two companies consolidate under such a law as that of 1874, the old corporations are dissolved and a new corporation created. What is the life of this new corporation? The law is silent. It seems impossible for either corporation to grant a longer life than it has itself. Whence it ought to follow that the life of the new corporation would only be that of the shorter-lived amalgamating corporation. And, if that is not the case, as the law is silent, the life of the new corporation is indefinite, and subject to the legislative will; in which latter case the new corporation would be subject to the provisions of the constitution of 1879.

However this may be, I am of the opinion that the law of 1874 did not authorize the consolidation of the New Orleans Gas-light Company with the Crescent City Gas-light Company, and that there is in law no such corporation as the alleged complainant in this case; and that, therefore, the demurrer filed herein should be sustained. And it is so ordered.