JONES v. MISSOURI–EDISON ELECTRIC CO. et al.

(Circuit Court, E. D. Missouri, E. D.   February 21, 1905.)

No. 4,982.

1. CORPORATIONS—CONSOLIDATION—MISSOURI STATUTE.

A consolidation of corporations under and in conformity to Rev. St. Mo. 1899, § 1334, which authorizes the consolidation of "any two corporations * * * whose objects and business are, in general, of the same nature," is not invalidated by the fact that one of the constituent corporations was itself created by a prior consolidation.

2. SAME—EFFECT OF CONSOLIDATION.

Rev. St. Mo. 1899, § 1334, provides that "any two corporations * * * whose objects and business are in general of the same nature may amalgamate, unite, and consolidate said corporations and form one consolidated corporation holding and enjoying all the rights, privileges, power, franchises, and property belonging to each, and under such corporate name as they may adopt or agree upon." *Held*, that a consolidation effected in conformity to such statute operated to extinguish the corporate life of the constituent companies, and that a stockholder in one of such companies could not maintain a bill in equity for relief or to enforce rights, based on the theory that the company was still in existence, and where the relief, if granted as prayed for, must be enforced through such company.

In Equity. On demurrer to bill.

Bomar & Bomar and Dickson, Smith & Dickson, for complainant.
Boyle, Priest & Lehmann, for defendants.

POLLOCK, District Judge. This case is before the court on separate demurrers of the individual defendants Chas. H. Huttig and his associates and the Union Electric Light & Power Company, of September 9, 1903. The facts stated in the bill, stripped of verbiage, briefly stated, are as follows: The complainant is, and was on the 9th day of September, 1903, the legal owner of 10 shares and the equitable owner of 992 shares, of the par value of $100 per share, of the preferred stock of defendant the Missouri-Edison Electric Company (hereinafter called the "Edison Company"). That said company was duly incorporated under the laws of this state on the 4th day of October, 1897, for the purpose of manufacturing and selling electricity, with a capital stock of $4,000,000, one-half of said stock being preferred, and the remainder common, stock. That said corporation was organized in pursuance of a reorganization agreement of the bondholders of a former corporation known as the Edison Illuminating Company. That said reorganization agreement, the articles of association, and the by-laws of the Edison Company as well, among other things, made this provision in regard to the preferred stock of the Edison Company:

"Each share of this preferred stock will entitle the holder to an annual dividend on the par value thereof of five per cent., if earned, and if not earned and paid in any given year, then all arrears on this account must be paid before any dividend is declared or paid on the common stock." That defendants Chas. H. Huttig, August Gehner, Herman Stifel, C. Marquard Forster, Eugene H. Benoist, Phillip Stock, William F. Nolker, Henry Semple Ames, and William D. Orthwein constitute the board of directors of the Edison Company. That defendant the Union Electric Light & Power Company (hereinafter called the "Union Company"), on the 16th day of May, 1902, organized under the laws of this state by a consolidation of two theretofore organized and then existing corporations under the laws of this state known as the Citizens' Electric Light & Power Company and the Imperial Electric Light, Heat & Power Company, with a capital stock of the par value of $10,000,000. That thereafter, on the 9th day of September, 1903, the defendant the Union Electric Light & Power Company of September 9, 1903 (hereinafter called the Consolidated Union Company) was organized under the laws of this state with a capital stock of $10,000,-000, divided into 100,000 shares of the par value of $100 per share, by a consolidation of the Edison Company and the Union Company in manner and form as provided by a law of this state enacted for the purpose of permitting the consolidation of incorporated companies; the basis of such consolidation being 1 share of Consolidated Union stock and $5 in cash in exchange for 2 shares of preferred stock in the Edison Company, and 1 share of Consolidated Union stock and $5 in exchange for 4 shares of common stock in the Edison Company, and 1 share of Consolidated Union stock in exchange for 1 share preferred stock in the Union Company, and 1 share Consolidated Union stock in exchange for 2 shares of common stock in the Union Company. That said consolidation and the steps leading up thereto were designed and carried out by a certain corporation called the North American Company, its agents and servants (not made parties to this bill), by and through the assistance of the Missouri Valley Trust Company, a corporation (not made party to the bill), for the use, benefit, and advantage of the North American Company. That complainant protested against the consolidation of the Edison Company, in which he was a preferred shareholder, with the Union Company, and files this, his bill of complaint, on behalf of himself and other preferred shareholders in the Edison Company similarly situated, to the use and benefit of the Edison Company. After the consolidation was effected he demanded of the officers of the Edison Company a correction of the wrongs complained of, and a transfer on the books of the company of the shares of stock to which he held the equitable right.

The relief sought by the bill is, primarily, the dissolution of the Consolidated Union Company and the rehabilitation of the Edison Company, and a decree commanding the officers of the Edison Company to recognize him as a shareholder in said company, and a transfer of the shares of stock of which he is the equitable owner on the books of the company, and an accounting of all the property belonging to the Edison Company in the hands of the Consolidated Union Company as a result of the consolidation, and a decree for the recovery of the same

from the Consolidated Union Company on behalf of and for the use and benefit of the Edison Company; secondarily, and in the alternative, that an account may be taken of the value of complainant's stock in the Edison Company, and that the amount so ascertained may be decreed a lien on all the property and assets of the Edison Company and the Consolidated Union Company, and payment thereof ordered to complainant; for the appointment of a receiver, and general relief.

The specific wrongs charged in the bill, briefly stated, are: (1) Want of statutory power authorizing the consolidation and the formation of the Consolidated Union Company. (2) That the Union Company was at the time of the attempted consolidation, and long prior thereto, a profitable, going, business concern, making large profits for its shareholders; that it was possessed of a very large amount of tangible property and valuable franchises; that the Union Company, with which it was consolidated, was largely indebted, and heavily overstocked; that the Consolidated Union Company is capitalized in an amount greatly in excess of the value of the joint property of its constituent companies, has no preferred stock to give in exchange for the preferred stock of complainant in the Edison Company, and for these reasons the attempted consolidation was manifestly unjust and inequitable to the preferred shareholders in the Edison Company. (3) That said consolidation was procured by the North American Company, its agents and servants, aided by the Missouri Valley Trust Company, operating through the individual defendants, the directors and managing officers of the Edison Company, fraudulently, for the use, advantage, and benefit of the North American Company, with the intent of uniting and consolidating all the light, heat, and power companies of the city of St. Louis into one concern in violation of the anti-trust laws of the state. (4) That the directors and officers of the Edison Company, on proper demand made, refused to transfer the shares in said company, to which complainant held the complete equitable title, to him on the books of said company. (5) That the officers of the Edison Company, when appealed to for that purpose, refused to right the wrongs and grievances of complainant; hence his resort to equity. The separate demurrers lodged against this bill challenge its sufficiency on two grounds: multifariousness and want of equity.

The question first arising for consideration upon an examination of this bill is, are the averments therein contained sufficient to authorize a decree avoiding the consolidation of 1903? The requisite and necessary power relied upon to support this consolidation is found in section 1334, Rev. St. 1899 of this state, which provides, as follows:

"Sec. 1334. Consolidation of Companies, How Effected. Any two corporations now existing under general or special laws or which may be hereafter created, whose objects and business are in general of the same nature, may amalgamate, unite and consolidate said corporations and form one consolidated corporation, holding and enjoying all the rights, privileges, power, franchises and property belonging to each, and under such corporate name as they may adopt or agree upon; such consolidation shall be made by agreement in writing, by or under the authority of the board of directors and the assent of the owners of at least three-fifths of the capital stock of each of said corporations, and a certificate of the fact of such consolidation, with the name of the

consolidated company, shall be recorded in the office of the recorder of deeds of the city or county in which such corporation is located, and a certified copy of such recorded instrument shall be filed in the office of the Secretary of State: provided, that no such consolidation shall in any manner affect or impair the rights of any creditors of either of said corporations: and provided further, that corporations so consolidating shall accept the provisions of this article. Such agreement may provide for the number of directors of said corporation, not exceeding thirteen."

The bill concedes the challenged consolidation to have been in form regular, and in compliance with the conditions prescribed in this act, but denies the right of the Union Company to again consolidate with the Edison Company, of which complainant was at the time a preferred shareholder. That is to say, the bill challenges the re-exercise by a corporation of the power of consolidation granted by this act, upon the theory, when once such power has been employed, it becomes exhausted. It is fundamental law that the right to exercise such a vital power of a corporation as contemplates the turning over of all its corporate property, including its right to be a corporation and to hold and use its corporate powers, franchises, and privileges, and which results, when employed in the extinguishment of its corporative life, must be found in some positive plenary legislative grant either in the articles of association of the corporations consolidating or in the general law of the land. Such power cannot be implied. Nugent v. The Supervisors, 19 Wall. 241; 22 L. Ed. 83; Pearce v. Madison, etc., R. R. Co., 21 How. 441, 16 L. Ed. 184; Clearwater v. Meredith, 1 Wall. 25, 17 L. Ed. 604. It is also firmly settled by authority, if ample statutory power is found wanting authorizing either of the constituent companies to consolidate with the other, the entire consolidation is unauthorized and void. St. Louis Railroad v. Terre Haute Railroad, 145 U. S. 393, 12 Sup. Ct. 953, 36 L. Ed. 748; Louisville & Nashville R. Co. v. Kentucky, 161 U. S. 677, 16 Sup. Ct. 714, 40 L. Ed. 849. Hence the question here arising for consideration is, did the Union Company, formed by consolidation under the terms of the act quoted, have the power to reconsolidate with the Edison Company under the terms and provisions of the act?

From an examination of the act it will be seen, in express terms, to authorize any two corporations then existing or thereafter brought into existence, without restriction or limitation, to consolidate and form one corporation. Therefore, by necessary construction, when the Citizens' Electric Light & Power Company consolidated with the Imperial Light, Heat & Power Company, forming the Union Company, the constitutent companies passed out of existence and all their property, franchises, rights, and powers merged into, were consolidated with, and thereafter exercised by the Union Company. The act does not in terms, neither by necessary implication nor by implication at all, inhibit any corporation, whether formed by consolidation or otherwise, from availing itself of the power of consolidation conferred by the terms of the act. Therefore the question is, may this court, then, by construction of the act, exclude from its operation a corporation, though formed by consolidation, not excluded therefrom by the language therein employed by the lawmaking power? I think not. No case authorizing such a holding has been cited by solicitors for complainant, and

presumptively, therefore, no such case may be found. Aside from this, corporations are purely the creatures of statutory law, created, controlled, and terminated by law. To my mind, the state, in the exercise of its legislative power, untrammeled by constitutional inhibition, may grant, withdraw, or refuse to corporations created by it the power of consolidation upon such terms and conditions and under such restrictions and limitations as it may see fit. In this case, as has been seen, the state has unqualifiedly and without limitation granted the power of consolidation to any two corporations whose objects and business are in general of the same nature, as were the objects and business of the Edison and Union Companies, the consolidation of which is here challenged. This act was in effect at the time the complainant became a stockholder in the Edison Company. He therefore purchased his shares with full knowledge of the fact that the company might lawfully do that of which he now complains, to wit, consolidate with any other corporation of the state whose objects and business were of the same general nature. Such consolidation he could not, in the first instance, have prevented, had he so desired, and he cannot now be heard to challenge the legality of a consolidation perfected in accordance with the terms and conditions imposed by the act. Nugent v. The Supervisors, 19 Wall. 241, 22 L. Ed. 83; Town of East Lincoln v. Davenport, 94 U. S. 801, 24 L. Ed. 322; County of Scotland v. Thomas, 94 U. S. 682, 24 L. Ed. 219; Wilson v. Salamanca, 99 U. S. 499, 25 L. Ed. 330; Empire v. Darlington, 101 U. S. 87, 25 L. Ed. 878; Menasha v. Hazard, 102 U. S. 81, 26 L. Ed. 83; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; County of Tipton v. Locomotive Works, 103 U. S. 523, 26 L. Ed. 340; New Buffalo v. Iron Company, 105 U. S. 73, 26 L. Ed. 1024.

While unnecessary to a decision of the question now presented, it may well be doubted whether, in a case where there is apparent legislative power conferring the right of consolidation, as there is here, and a consolidation in compliance with such legislative power has been effected, and the consolidated company becomes a de facto, if not a de jure, corporation, the complainant, a stockholder in one of the constituent companies, would have any standing in court to question the validity of the consolidation. The right to so do would seem from the authorities to reside rather in the state through its proper law officers. Toledo, St. L. & K. C. R. Co. v. Continental Trust Company, 95 Fed. 497, 36 C. C. A. 155.

The power to consolidate under the act in question being upheld, and the consolidation proceedings being by the bill conceded to be in accordance with the conditions and provisions of the act, it only remains to determine the legal effect of such consolidation upon the constituent companies. The solution of this question, of course, must depend upon the act itself. Was the effect of the consolidation the extinguishment of the consolidating corporations and the formation thereby of a new corporation possessed of all the property, rights, and franchises of the constituent companies, or did the constituent companies remain in existence? The act provides:

"Any two corporations now existing under general or special laws, or which may be hereafter created, whose objects and business are in general of the

same nature, may amalgamate, unite and consolidate said corporations and form one consolidated corporation, holding and enjoying all the rights, privileges, power, franchises and property belonging to each, and under such corporate name as they may adopt or agree upon."

Pardee, Circuit Judge, delivering the opinion in New Orleans Gas Light Company v. Louisiana Light, etc., Company, 4 Woods (U. S.) 90, 11 Fed. 277, says:

"Where the consolidation act authorizes two corporations to consolidate and form one consolidated corporation, holding and enjoying all the rights, etc., belonging to the constituent corporations, the old corporations are dissolved and a new corporation is created."

In Keokuk & Western Railroad v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450, Mr. Justice Brown, delivering the opinion of the court, construing a former act of this state in many respects similar to that under consideration, says: ·

"Looking at the act in question in this case, we find that by section 1 any Missouri railroad company whose track should connect with the road of an adjoining state was authorized to make and enter into an agreement with such connecting company for the consolidation of the stock of the respective companies whose tracks should be so connected, making one company of the two, whose stock should be so consolidated upon such terms, conditions, and stipulations as might be mutually agreed between them; that by section 2 'such consolidation shall not be made, unless the terms and provisions thereof shall be approved by a majority of the stock, or the holders of a majority of the capital stock in each of said companies whose stock shall be consolidated'; that by section 3 the board of directors were authorized to adopt by resolution a new corporate name for the consolidated company, and call in the certificates of stock then outstanding in each company, and exchange them for stock in the new company; and providing that a copy of the consolidation agreement and the name adopted for the new company 'shall be filed with the Secretary of State, and shall be conclusive evidence of such consolidation, and of the corporate name of the consolidated company.' It is difficult to see how the Legislature could provide more clearly for the extinguishment of the prior companies and the formation of a new one than by providing that the two companies shall become one, that new certificates of stock shall be issued in exchange for the stock of the constituent companies, and that the consolidation agreement shall be recorded with the Secretary of State as the charter of the new company. In our opinion, this was the effect of the act in question."

It was clearly the legislative intent that a consolidation under the terms of the act in question should result in the extinguishment of the old and the creation of a new corporate life. It is not apparent in what manner such consolidation would in any way contravene the provisions of the anti-trust laws of the state.

From what has been said, it must follow as a necessary sequence, in so far as the bill seeks relief in disaffirmance and avoidance of the consolidation made and the rehabilitation of the Edison Company, the bill is without equity. The life of the Edison Company having been extinguished by the consolidation made, no relief can be granted through complainant on behalf of or against that corporation or its former board of directors.

Of what rights in law or equity complainant is possessed against the Consolidated Union Company by reason of its assumption of his contract relations with the extinguished Edison Company it becomes unnecessary and improper to here determine, for that the granting of

such relief would be utterly inconsistent with the entire frame and scope of the bill as now presented. Such relief, when granted, must be based upon and in recognition of the validity of the consolidation here challenged and the extinguishment of the Edison Company, through whom relief is now sought by complainant, whereas the averments of the present bill are diametrically opposed to the conclusion reached as to the validity and effect of the consolidation and formation of the Consolidated Union Company.

It follows the demurrers must be sustained, and the bill dismissed. It is so ordered.