## LIKEN et al. v. SHAFFER et al.

### No. 62.

District Court, N. D. Iowa, Cedar Rapids Division.

April 17, 1943.

Hoffman & Hoffman, of Fort Wayne, Ind., and Frank E. Northup, of Marshalltown, Iowa, for plaintiffs.

Don Barnes and T. M. Ingersoll, both of Cedar Rapids, Iowa, for defendants.

SCOTT, District Judge.

On October 1, 1942, Thomas Liken, Dorothy Brauer, Grace L. Nystrom, Lorraine Wilson, Huldah Diekmann, Lynn J. Hedin, Administrator with the will annexed of the estate of M. J. Hedin, deceased, common stockholders in the Shores Mueller Company, an Iowa corporation, in 1931 and prior thereto engaged in business at Cedar Rapids, Iowa, in the manufacture of chemicals, began this action in the District Court of the United States for the Northern District of Iowa, against Van Vechten Shaffer, Don Barnes, Arthur Barlow, Frank Byers, Shores Company and Shores Mueller Company, alleging that the plaintiffs bring this suit on behalf of themselves and all other stockholders of the Shores Mueller Company similarly situated who may choose to participate in this suit, and contribute to the expenses thereof.

Plaintiffs further allege that the jurisdiction of the Court is based upon diversity of citizenship between the several plaintiffs, who are all non-residents of the State of Iowa, and all of the defendants, who are residents of the State of Iowa, and that the amount in controversy, exclusive of interest and costs, exceeds the sum of three thousand dollars ($3,000).

Plaintiffs further allege that in March of 1931 the defendants entered into a voting trust agreement with the stockholders of the Shores Mueller Company, copy of which is attached to the plaintiffs' complaint and made a part thereof, marked Exhibit A; and further allege that under the voting trust agreement the defendants as trustees took over the management and operation of said Company in March of 1931, and so continued to operate and manage said Company up to and including February 7, 1933; that on February 7, 1933, the defendants caused the said Company to be placed in receivership in the Superior Court of Cedar Rapids, Linn County, Iowa; that the receivership was procured upon the verified complaint signed by the defendant, Van Vechten Shaffer, and filed by the defendant, Don Barnes, as attorney; that the receivership application was consented to by the defendant, Frank Byers, acting as attorney for the Shores Mueller Company; that the defendant, Arthur Barlow was by consent appointed receiver of said Company and the defendant, Don Barnes, was appointed as the receiver's attorney.

Plaintiffs further allege that on April 20, 1933, an appraisal was filed in said receivership valuing the assets of said Company in the sum of $97,978.29; and that on May 22, 1933, said assets were sold to the Defendant, Van Vechten Shaffer, for

the sum of $7,000 and the further consideration that the purchaser agreed to pay the real estate mortgage in the sum of $36,000 on said Company's real estate and factory building.

Plaintiffs further allege that the defendants subsequently caused the defendant, Shores Company, to be incorporated, and the defendant, Van Vechten Shaffer, conveyed and transferred all of the said property and assets sold to him at the receiver's sale, to the Shores Company; that the Shores Company was solvent and able to pay its debts as they matured on February 7, 1933; that the receivership proceedings were procured solely through the fraud and collusion of the defendants, Van Vechten Shaffer, Don, Barnes, Arthur Barlow and Frank Byers, in violation of their duties of trust as trustees for the stockholders of the Shores Mueller Company; that the above defendants are the owners and holders of practically all of the capital stock of the Shores Company and have collected large dividends and profits from the assets of the Shores Mueller Company now in the name of the Shores Company without having paid anything for their holdings other than as above set out.

Plaintiffs further allege that during the period of the voting trust the defendants misapplied certain of the assets of the Shores Mueller Company from March of 1931 to February 7, 1933, when in control of the management and operation of said company as trustees under the voting trust agreement; that the assets of the Shores Mueller Company were of the reasonable value of $250,506.47 on May 22, 1933, when they were sold at receiver's sale; that said assets would have sold for far more if said sale had been a bona fide public sale.

The plaintiffs further allege that on May 11, 1937, the defendants, acting as individuals and as said trustees, secured a permanent injunction enjoining E. E. Collins, C. E. Mueller, Herman L. Currier and Wilhelmina Justine Steege from prosecuting certain suits then pending and from commencing any other similar actions charging these defendants with irregularities in the operation of the Shores Mueller Company and other associate companies.

Plaintiffs further allege that ever since the sale of the assets of the Shores Mueller Company to Van Vechten Shaffer and the subsequent conveyance to the Shores Company became known, the plaintiffs and their fellow stockholders in the Shores Mueller Company have diligently brought numerous suits to recover their interests in said assets but that none of said suits have ever been heard upon the merits.

Plaintiffs prayed that the defendants, Van Vechten Shaffer, Don Barnes, Arthur Barlow and Frank Byers, be declared trustees of the stock that they now hold in the Shores Company for the use and benefit of these plaintiffs and such other stockholders of the Shores Mueller Company who may come in and participate in this suit and contribute to the costs thereof; and that said defendants render an accounting of their activities while in control of and operating the assets of the Shores Mueller Company from March of 1931 to February 7, 1933, and for the operation of said assets in the name of the Shores Company and in the name of Van Vechten Shaffer from May 22, 1933, to date, and for general equitable relief.

To this complaint the defendants appeared and filed a motion to dismiss, to strike and for more definite statements. The grounds of said motion were:

(1) To dismiss the action because the complaint shows by its allegations that the claims of the plaintiffs are barred by the Statutes of Limitations of the State of Iowa, more particularly Paragraph 5 of Section 11007 of the 1939 Code of Iowa;

(2) To dismiss the action for the reason that it is barred by laches;

(3) To dismiss the action for the reason that the issues presented by this complaint against these defendants and each of them were fully and completely adjudicated adversely to these plaintiffs in a suit begun in the District Court of the United States, for the Northern District of Iowa Cedar Rapids Division, on August 9, 1941, entitled Lorraine Wilson, Lynn J. Hedin, administrator with will annexed of the estate of M. J. Hedin, deceased, and Huldah Diekmann, plaintiffs, v. The Shores Mueller Company, a corporation, Van Vechten Shaffer, A. C. Kampmeier, Arthur Barlow, Geo. A. Shores, Gordon B. Shores, Donald Barnes, Frank Byers, C. C. Kuning, M. J. Bush, H. S. Simpkins, John H. Mueller, The Merchants National Bank of Cedar Rapids, Iowa, a banking corporation, and the Shores Company, a corporation, defendants, No. 41 Civil; that the said Lorraine Wilson, Lynn J. Hedin, administrator with the will annexed of the estate of M. J. Hedin, deceased, and Huldah

Diekmann, who are plaintiffs in this suit, were also plaintiffs in the action above referred to, all as shown by the records of this Court; that paragraph 2 of the complaint filed in cause No. 41, above referred to, recited:

"The plaintiffs bring this suit in the right of said corporation, as stockholders thereof, and also for themselves as individual stockholders entitled to the assets of said corporation if it be found that the charter of said corporation has been forfeited, or cancelled."

That the other allegations of the complaint filed in cause No. 41 presented the issues tendered by the complaint filed in this cause; that the defendants named in said cause, including these defendants, filed a motion to dismiss the complaint for the reason that any action on the issues tendered therein were barred by the Iowa Statutes of Limitations; and thereafter on the 13th day of September, 1941, the opinion of Hon. Geo. C. Scott, Judge of the United States District Court, for the Northern District of Iowa, Cedar Rapids Division, was entered in said cause dismissing the complaint on the ground that the action was barred by the Iowa Statutes of Limitations as urged in the motion; that the plaintiffs in said cause thereafter filed a petition for rehearing and leave to amend and this was overruled by the Court on the 10th day of October, 1941; that no appeal was ever taken from said judgment or rulings and the time has expired for any such appeal and therefore said judgment and opinion as filed in said cause appearing in 40 F.Supp. at page 729, and in the records of this Court in Docket Book 1, Page 144, is a full and complete adjudication of plaintiffs' rights set forth in the complaint filed in this cause.

(4) To dismiss this suit so far as any claims or rights are possessed by Lynn J. Hedin, administrator with will annexed of the estate of M. J. Hedin, deceased, for the reason that it appears upon the face of the complaint that he is administrator with the will annexed of the estate of M. J. Hedin, deceased, in the State of Minnesota, duly appointed by the Court of said State, and that he has no authority to maintain an action as such administrator outside of the jurisdiction of such state.

(5) To dismiss the action for the reason that the plaintiffs' complaint fails to set forth or state a claim against the defendants upon which relief can be granted; and

other grounds which are not considered and discussed by reason of the decision of the Court on the grounds which are set forth.

The motion to strike and for more definite statements are not set forth as rulings on said motions are subject to the ruling of the Court on the motion to dismiss.

Subsequent to the filing of the above motion, the parties hereto entered into a stipulation which provided that the Court may consider and determine at the time the defendants' motion to dismiss is submitted, the question of whether or not the claims of the plaintiffs herein have been fully and completely adjudicated in the action referred to and described in Paragraph 3 of the defendants' motion to dismiss; and further that the Court may consider and take judicial notice of the records and the rulings made and judgments entered by the Hon. Geo. C. Scott, Judge of the United States District Court for the Northern District of Iowa, Cedar Rapids Division, in the case of Lorraine Wilson et al. v. Shores Mueller Company et al., being the cause referred to in paragraph 3 of defendants' motion to dismiss; and further that all pleadings filed in said cause and the entire record of said cause and the rulings and judgments of the Court in the said cause may be considered as offered and admitted in evidence in this action, and that the Court may consider all of such evidence for the purpose of deciding the issue of res judicata raised in this cause; and further that said issue of res judicata may be considered and decided by the Court as if this issue had been raised by answer instead of by motion and the decision of the Court shall be binding upon the parties hereto upon this issue. The briefs and arguments of the parties to be submitted are to cover this issue as well as the other issues presented by the motion to dismiss, to strike and for more definite statements.

On the 15th day of April, 1943, the cause comes on for hearing and final determination on the complaint and the motion to dismiss and the stipulation of the parties, and the plaintiffs appearing by their attorneys of record, Hoffman & Hoffman, of Fort Wayne, Indiana, and Frank E. Northup, of Marshalltown, Iowa, and the defendants appearing by their attorneys of record, Don Barnes and T. M. Ingersoll, of Cedar Rapids, Iowa, and written briefs

having been filed and the Court having heard the arguments of counsel and having considered the files and records in the cause in this Court wherein Lorraine Wilson, Lynn J. Hedin, administrator with will annexed of the estate of M. J. Hedin, deceased, and Huldah Diekmann are plaintiffs, and the Shores Mueller Company, a corporation, Van Vechten Shaffer, A. G. Kampmeier, Arthur Barlow, Geo. A. Shores, Gordon B. Shores, Donald Barnes, Frank Byers, C. C. Kuning, M. J. Bush, H. S. Simpkins, John H. Mueller, the Merchants National Bank of Cedar Rapids, Iowa, a banking corporation, and the Shores Company, a corporation, are defendants, No. 41 Civil, the opinion in said case being found and reported in 40 F. Supp at page 729, and the records of which are recorded in this Court in Docket Book 1, Page 144, and the final decision in said cause from which no appeal has been taken and the time for appeal has expired and said decision has become final, and being advised in the premises the Court finds:

### Findings of Fact.

1. That the plaintiffs have conceded in the record that Lynn J. Hedin, administrator with the will annexed of the estate of M. J. Hedin, deceased, is not a proper party plaintiff and that the motion to dismiss may be sustained as to said plaintiff.

2. That the statements and allegations of the complaint in this cause cover the same matters and restate and replead the matters alleged and set forth in the complaint in the cause wherein Lorraine Wilson et al. are plaintiffs, and the Shores-Mueller Company et al. are defendants, No. 41 Civil.

3. That the claims and matters set forth in said complaint in cause No. 41 Civil have been adversely adjudicated to the plaintiffs therein by the decision of this Court entered on the 13th day of September, 1941, and that the plaintiffs' petition for rehearing and for leave to amend therein was overruled by this Court on the 10th day of October, 1941, and that no appeal has been taken or is pending from said rulings, orders and decisions of this Court, and said rulings, orders and decisions of this Court became and are final.

4. That as to the plaintiffs, Lorraine Wilson and Huldah Diekmann, and Lynn J. Hedin, administrator with the will annexed of the estate of M. J. Hedin, deceased, the orders, judgments and decisions of this Court in said Cause No. 41, Civil, are binding and conclusive in this case, and that the said Lorraine Wilson, Huldah Diekmann, and Lynn J. Hedin, administrator with the will annexed of the estate of M. J. Hedin, deceased, are barred and estopped by said prior adjudication forever from raising, contesting or claiming against the defendants or any of them herein any of the matters claimed or alleged in the Complaint in this cause.

5. That none of the plaintiffs in this cause is or became a party to the voting trust agreement alleged in plaintiffs' complaint and cannot assert or claim any rights thereunder.

6. That said voting trust agreement by its express terms expired February 1, 1933.

7. That each and all of the alleged wrongful acts of the defendants occurred more than five (5) years prior to the commencement of this action.

8. That the plaintiffs, Thomas Liken, Dorothy Brauer and Grace L. Nystrom are barred and precluded by Section 11007 of the 1939 Code of Iowa from commencing this action.

9. That the claimed acts of the defendants and the application of Section 11007 of the 1939 Code of Iowa thereto is more particularly set forth in the prior opinion of this Court in said Cause No. 41 Civil, reported in 40 F.Supp. at page 729 and each and all of the reasons set forth therein are applicable and governing in this case.

10. That the matter of prior adjudication has been fully argued, submitted and heard upon its merits and final judgment should be rendered thereon.

The foregoing findings proposed by counsel for the defendants are approved and adopted, and the Court further concludes as a matter of law:

### Conclusions of Law.

█ 1. That as to all plaintiffs other than Thomas Liken, Dorothy Brauer and Grace L. Nystrom, the final judgment entered in Cause No. 41 Civil, is res judicata of all issues in this case.

█ 2. That as to the plaintiffs Thomas Liken, Dorothy Brauer and Grace L. Nystrom, the cause is barred by the Iowa Statutes of Limitations hereinbefore referred to, and that the opinion rendered by

this Court in Cause No. 41 Civil, is equally applicable to this cause and to the said plaintiffs, Thomas Liken, Dorothy Brauer and Grace L. Nystrom.

For the reasons hereinbefore stated a judgment will be entered dismissing plaintiffs' petition in conformity with these statements of issues, findings of fact and conclusions of law.