COOK ET AL., APPELLANTS, *v.* THE HARDIN COUNTY BANK CO., APPELLEE.

204

Mr. *Marcus C. Downing* and *Mr. J. E. Simpson,* for appellants.
  *Messrs. Price & Price,* for appellee.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hancock county, Ohio, being cause No. 27180 in that court, wherein the appellants herein, Chester O. Cook, Carl G. Cook, Cecil E. Cook and Esther R. McMullen, were plaintiffs, and the appellee herein, The Hardin County Bank Company, was defendant.

The action is one for forfeiture of the life estate of the defendant in certain real property described in the petition for waste alleged to have been committed by it, and also for damages for such waste.

The judgment from which this appeal is taken is a final judgment in favor of defendant and against plaintiffs.

It is contended by the plaintiffs that the judgment is contrary to law.

The action in which the judgment was rendered is predicated on the provisions of Section 10503-23, General Code, which reads as follows:

"A tenant for life in real property, who commits or suffers waste thereto, shall forfeit that part of the real property of which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder. Such tenant also will be liable in damages to the person having the immediate estate in reversion or remainder for the waste committed or suffered thereto."

An action for forfeiture for waste was unknown both to the common law and to equity and while equity rec-

ognized and had jurisdiction of actions of accounting for waste, actions for damages for waste were unknown both to it and to the common law. Consequently the proceeding prescribed by the section mentioned is a special proceeding at law and the provisions of the section relating thereto must, therefore, be construed strictly.

It will be noted that, under the provisions of the section mentioned, the action therein prescribed may be maintained against a life tenant of real property only by the person or persons having the immediate estate in reversion or remainder in the real property.

Upon the pleadings and the evidence, an issue is made as to whether the plaintiffs have such an estate in the real property in controversy as will warrant them in maintaining this action; or, in other words, whether the plaintiffs have an immediate estate in reversion or remainder in the real property as prescribed by the section.

As, in the view we take of this case, a determination of this issue will be dispositive of the whole case we will confine our discussion in this opinion to the facts in evidence on such issue, and the rules of law applicable thereto.

Item 11 of the will of Chester O. Cook which was duly probated in the Probate Court of Hancock county, Ohio, on the 17th day of April 1895, provides as follows:

"11. I give, devise and bequeath to James W. Foster (whom we raised) the following farm or tract of land on which he now resides—*viz.* the north-west quarter (¼) of section twenty-five (25) township two (2) south, range eleven (11) east, containing one hundred and sixty (160) acres of land more or less—to have and to hold during his lifetime, then at his death to go to his children or heirs of his body. But should

he die leaving no such heirs, then said farm or tract of land to go to my heirs.''

‹ James W. Foster mentioned in such will is now known as James W. Cook. He was married to one Maggie Cook, and the plaintiffs in the instant action are his only children.

The real estate described in such item of the will is the real estate in controversy in this action and such item in the will is the common source of title of both the plaintiffs and defendant in this action.

Between the dates of April 24 and December 2, 1916, the plaintiffs Chester O. Cook, Cecil E. Cook, Esther R. McMullen, their respective spouses joining therein, executed and delivered to James W. Cook their respective quit-claim deeds of the premises described in such item of the will and in the petition herein, remising, releasing and forever quit-claiming the same to James W. Cook, his heirs and assigns forever, to have and to hold unto him and his heirs and assigns forever, which deeds are all duly recorded in the record of deeds in the office of the recorder of Hancock county, Ohio.

On April 30, 1929, the defendant, The Hardin County Bank Company, filed its petition in the Common Pleas Court of Hancock county, Ohio, in cause No. 22358 in such court, against James W. Cook and Maggie Cook, his wife, and Chester O. Cook, Cecil E. Cook, Carl G. Cook and Esther R. McMullen, plaintiffs in this action, and others, asking for money judgments against certain of the various parties defendant for amounts due on certain promissory notes executed by such parties to it, and for the foreclosure of certain mortgages on and of the premises in the petition in the instant case described, executed and delivered to it by certain of the parties defendant to secure the payment of the notes, and upon September 14, 1929, a judgment

was entered upon the journal of such court in the cause, the pertinent parts of which are as follows:

"This cause came on and was heard this 10th day of September, 1929, on the demurrer to the cross-petition of the defendant James W. Cook. The court on consideration sustains the same and thereupon the defendant James W. Cook failing to plead further, the cause came on and was heard on the pleadings and evidence the court find that all of the defendants have been duly served with summons or have waived the service of summons in writing and that all defendants with the exception of James W. Cook herein are in default for answer or demurrer to the petition herein and that the allegations of the petition are thereby confessed by them to be true. * * *

"It is therefore considered by the court that the plaintiff The Hardin County Bank Company recover from the defendants James W. Cook, Maggie Cook, Esther R. McMullen, Chester O. Cook, Carl G. Cook and Cecil E. Cook, the sum of $2,622.56 on the note set out in plaintiff's first cause of action, and its costs. It is further considered by the court that the plaintiff The Hardin County Bank Company recover from the defendants James W. Cook and Maggie Cook, the sum of $2,874.19 the amount found due to the plaintiff on the notes set out in its third and fifth causes of action herein, and its costs. And it is further adjudged and decreed that unless the defendants James W. Cook, Maggie Cook, Esther R. McMullen, Chester O. Cook, Carl G. Cook and Cecil E. Cook shall within five days from the entry of this decree pay, or cause to be paid, to the clerk of this court the costs of the case, and to the plaintiff herein the sum found due as aforesaid, with interest from the 10th day of September, 1929, the defendant James W. Cook's equity of redemption be foreclosed and the life estate of James W. Cook in said premises be sold and that an order of sale issue

therefor to the sheriff of Hancock county, Ohio, commanding him to appraise, advertise and sell said life estate of James W. Cook in said premises according to law and report his proceedings to the court for further orders. Said James W. Cook was 68 years old April 23, 1929.

"It will be understood that the interest of said James W. Cook in the premises to be sold is an estate tail, and that his four children, Chester O. Cook, Carl G. Cook, Cecil E. Cook and Esther R. McMullen have the immediate estate in remainder.

"It is further ordered that the proceeding as against the part of the estate now represented by the prospective heirs, children of the said James W. Cook, be postponed until the death of the said James W. Cook on account of the contingent interests involved and the prospect that other interests may intervene under the provisions of the will by which the property was devised, and that a sale could not now be had without manifest injury to the estate. Further proceedings herein are therefore continued until the death of said James W. Cook."

Thereafter, pursuant to the judgment in cause No. 22358, the life estate of James W. Cook in the premises was duly offered for sale and sold to The Hardin County Bank Company, plaintiff in that action and defendant in this action, the deed of conveyance for such life estate was duly executed and delivered by the sheriff of such county to The Hardin County Bank Company, and the title now held by The Hardin County Bank Company to such premises is the title vested in it by such deed of conveyance.

It is contended by the plaintiffs that under the judgment and the proceedings in the cause had subsequent thereto, and by the deed executed by the sheriff to it, the defendant acquired a life estate only in the premises and the judgment constitutes an adjudication that

the plaintiffs have the immediate estate in remainder in the premises which, under the doctrine of *res judicata* made applicable by the pleadings and proof, the defendant is estopped to deny in this action involving the same subject matter and the same parties.

On the other hand, the defendant contends that the judgment constitutes an adjudication that the interest of James W. Cook in the premises is an estate tail which under the doctrine of *res judicata* the plaintiffs are estopped to deny. The defendant further contends that it acquired this interest of James W. Cook in the premises by virtue of such proceedings and deed executed to it, and being the owner of an estate tail in the premises it is immune from liability in an action for waste, as such action does not lie against the first donee of an estate tail or his successor in title.

"An interesting contrast exists between a life estate and an estate tail. The interest of a first donee in tail is not the same as that of a mere life tenant. The following summary was written by the Court of Common Pleas of Hamilton county:

" 'The incidents to a tenancy in tail were chiefly that he might commit waste; the wife had dower therein; the husband had curtesy of the estate tail; and the estate might be barred or destroyed by a fine, by common recovery or by lineal warranty descending with assets to the heirs * * *. A life estate has none of these incidents and although a life estate may be of identically the same endurance as the particular estate held by the first donee in tail, nevertheless, there is a wide difference in the characters of a life estate and a particular estate in tail, or the estate of the first donee in tail. When a life estate has been carved out and granted or devised to one, the remainder does not pass to those who take it as an estate of inheritance from and through the life tenant, but the remainder-men take from the grantor or devisor directly as an

estate by purchase from the death of the life tenant. The fee is vested in the remainderman and not in the life tenant, whereas as heretofore pointed out, the fee in an estate tail is vested by the grant or devise in the first taker, the first donee in tail, and passes from him at death by operation of law to the immediate heirs of his body. In case of a life estate the life tenant cannot commit waste without forfeiting his estate; the wife has no dower in such an estate; the husband has no curtesy therein; the estate cannot be barred by a fine or a common recovery.' " 16 Ohio Jurisprudence, 425, Estates, Section 44.

"The statute to restrict the entailment of real estate (S. & C. 550) does not change the nature of the estate in the first donee in tail from an inheritable estate to an estate for life merely. The object of the statute is to restrict the entailment to the immediate issue of such donee, and, on the determination of his interest in the estate, and of such rights as the law annexed to it while held by him, to enlarge the estate tail in the hands of such issue into an absolute estate in fee simple." *Harkness* v. *Corning*, 24 Ohio St., 416.

An inspection of the judgment in question, in the light of the rules above set forth, discloses that the adjudication in such judgment "that the interest of said James W. Cook in the premises to be sold is an estate tail" is in direct conflict with the further adjudication "that his four children, Chester O. Cook, Carl G. Cook, Cecil E. Cook and Esther R. McMullen have the immediate estate in remainder."

The doctrine of *res judicata* is a branch of the law of estoppel. 34 Corpus Juris, 744, 745, Judgments, Section 1155. Where in a former action in which the fact or matter sought to be relitigated has been decided in such a manner that there is a direct conflict in the decision itself as to the fact or matter decided, the rule that "where there is an estoppel against an estoppel,

it 'setteth the matter at large' has been applied by some authorities, and in such case both parties may assert their claims anew." 34 Corpus Juris, 749, Judgments, Section 1159.

The facts of the instant case bring it within the purview of the rule mentioned. We shall, therefore, proceed to consider the claims of the parties with reference to the title held by the plaintiffs in the premises, anew, in the same manner as if there had been no adjudication as to the title of the plaintiffs in the premises.

It is obvious that the title created in the plaintiffs by the item of the will mentioned was either an estate tail in expectancy or an estate in remainder. If it was an estate tail in expectancy the plaintiffs could not, during the lifetime of the first donee in tail, make a conveyance of the same effective in law. *Dungan* v. *Kline*, 81 Ohio St., 371, 90 N. E., 938. However, such conveyances, when made for a valuable consideration, are recognized in equity as being enforceable as soon as the assigned expectancy has fallen into possession. 1 Pomeroy's Equity Jurisprudence (4 Ed.), 206, Section 168. Consequently, if the estate created in the plaintiffs by the will was an estate tail in expectancy their conveyances to James W. Cook did not, during the lifetime of James W. Cook, operate as a conveyance of their respective interests in the real estate and they still have an estate tail in expectancy in the premises and, such estate not being an immediate estate in reversion or remainder, they may not maintain this action.

On the other hand, if the title created in the plaintiffs by such item was a remainder, the quit-claim deeds executed by the plaintiffs and their respective spouses to James W. Cook had the effect of vesting in James W. Cook the entire interests of the plaintiffs in the premises described in the petition, and no title

would remain in plaintiffs which would warrant them in maintaining this action.

In this situation, irrespective of whether the title created in plaintiffs by the item of the will was an estate in expectancy in tail or a remainder after the life estate, the plaintiffs do not have title of a character authorizing them to maintain this action.

For the reasons mentioned, the judgment of the Common Pleas Court will be affirmed, at costs of appellants, and the cause remanded for execution.

*Judgment affirmed.*

JACKSON and MIDDLETON, JJ., concur.