LIKEN et al. v. SHAFFER et al.
Civil Action No. 62.

District Court, N. D. Iowa,

Cedar Rapids Division.
Jan. 26, 1946.

See also 50 F.Supp. 103.

Irving B. Campbell, of Chicago, Ill., and Edward J. Dahms of Cedar Rapids, Iowa, for plaintiffs.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, Iowa, for all defendants except Frank Byers.

R. S. Milner, of Cedar Rapids, Iowa, for defendant Frank Byers.

GRAVEN, District Judge.

Trial on the merits on the question of res judicata in a suit wherein certain stockholders of the Shores-Mueller Company, claim wrongdoing on the part of the defendants in connection with the affairs of that corporation. A great many issues were raised by the pleadings. Before proceeding with the trial of all of the issues, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, directed that there be a trial on the merits as to the issue of res judicata, and connected with that issue, proof has been made as to: (1) The juristic status of the Shores-Mueller Company from January 1st, 1931 to the present time, and as to (2) certain other legal proceedings in the state and federal courts having to do with the affairs of that company. The Shores-Mueller Company, a corporation, was organized under the laws of the State of Iowa and was engaged in the business of manufacturing pharmaceuticals and other allied products in the city of Cedar Rapids, Linn County, Iowa. In 1933, certain proceedings were had in the Superior Court of Cedar Rapids, Iowa, whereby Arthur Barlow was appointed receiver for the corporation. Its assets were sold at a receiver's sale. The plaintiffs, who are stockholders in the Shores-Mueller Company, claim that the individual defendants were in 1933 officers and directors of the company, and some of them were also voting stock trustees of a large amount of stock in the corporation. The claim of the plaintiffs is in substance that the individual defendants despoiled the Shores-Mueller Company of its assets by means of a collusive and fraudulent receivership and receiver's sale. It is claimed that as a part of the fraudulent scheme, the defendants caused the defendant, Shores Company, to be organized as a corporation under the laws of the State of Iowa, and that the Shores Company has the assets of which the Shores-Mueller Company was despoiled and that the Shores Company is owned and controlled by certain of the individual defendants. It appears that the receiver, Arthur Barlow, filed his final report as receiver on October 5, 1933, and the receivership has long since been terminated. It further appears that no stockholders' or directors' meeting has been held since 1933, and that the corporation has been in-

active since that time. It was stipulated by the parties that: "The Shores-Mueller Company, an Iowa Corporation, was legally incorporated, organized, and existing on January 1, 1931, and at all times subsequent thereto and up to the present time."

Because of certain phases of the question, it is necessary to consider: (1) Certain rules of law having to do with the respective and relative rights of a corporation and its stockholders where there has been wrongdoing in connection with the affairs of a corporation; and (2) Certain matters having to do with practice and procedure.

In the present case, the complaint is, in substance, that the defendants referred to wrongfully despoiled the Shores-Mueller Company of its assets. Whatever else such claimed wrong may be, it was, at the time at least, a wrong against the corporation. It is well settled that the property of a corporation is not the property of the individual stockholders. Stewart v. Pierce, 1902, 116 Iowa 733, 89 N.W. 234. On page 240 of the Northwestern citation in that case, the Iowa Supreme Court states: "The property of a corporation is also entirely distinct from the property in the shares of stock issued by it, and the stockholders are not the owners of its property as individuals." In the case of Klein v. Board of Tax Supervisors, 1930, 282 U.S. 19, on page 24, 51 S.Ct. 15, on page 16, 75 L.Ed. 140, 73 A.L.R. 679, Justice Holmes succinctly states: "But it leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with the intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members."

Where loss has been caused to a corporation by the wrongful acts of those managing it, the right of action belongs to the corporation. 3 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 1282, p. 773; Dillon v. Lee, 1899, 110 Iowa 156, 81 N.W. 245; First National Bank v. Fireproof S. B. Co., 1925, 199 Iowa 1285, 202 N.W. 14; Troutman v. Council Bluffs Street Fair & Carnival Co., 1909, 142 Iowa 140, 120 N.W. 730. In the case of First National Bank v. Fireproof S. B. Co., supra, on page 18 of the Northwestern citation, the Iowa Supreme Court states: "An unlawful diversion of the funds of the corporation is an injury to the corporation. Stockholders may maintain an action therefor, if the directors on demand refuse to do so, but such suit is for the benefit of the corporation and not in their individual right." In the case of Troutman v. Council Bluffs Street Fair & Carnival Co., supra, on page 731 of the Northwestern citation, the Iowa Supreme Court states: "If the action of the directors in appropriating the funds of the corporation to the purchase of the Elks' building stock was an unlawful diversion of funds, then it is for the corporation to complain; and, while stockholders may act for the corporation if on demand the officers and board of directors refuse to take proper action in the premises, the suit thus brought by stockholders must be for the benefit of the corporation, and not in their individual right." In the case of Graham v. Dubuque Specialty Machine Works, 1908, 138 Iowa 456, 114 N.W. 619, 15 L.R.A.,N.S., 729, the Iowa Supreme Court, in dealing with a stockholder's derivative suit, in page 621 of the Northwestern citation, states: "The action is, to all intents and purposes, the suit of the corporation * * *." The same court, on the same page of that opinion, in referring to stockholders instituting a stockholder's derivative suit states: "They did not bring the suit as agents of the corporation 'but simply in order to set in motion the judicial machinery,' * * *. The action was instituted for the benefit of the corporation, and the relief could have been granted to no other * * *." In the case of Dillon v. Lee, supra, the Iowa Supreme Court, on page 247 of the Northwestern citation, states: "These profits, if any there were, belonged to the corporation and not to the individual stockholders. A fraud * * * on the part of the directors or officers of a corporation, is an injury done to the corporation itself * * *." In 3 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 1282, commencing on page 773, the rule is stated thus: "And no individual right of action rests in a stockholder where the directors have caused loss to the corporation through their carelessness and mismanagement. An individual right of action in stockholder against officer of corporation, can arise only from some private relation, contractual or fiduciary, as distinguished from a purely corporate relation common to all of the stockholders." The fact that a stockholder owns all or practically all or a majority of the stock in

a corporation does not permit him to sue as an individual for a wrong done to the corporation. 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5910. The fact that a corporation is no longer a going concern does not deprive it of its right of action for an injury done to it by an officer and director. Dillon v. Lee, supra.

It is well settled that the appointment of a receiver does not result in the dissolution of a corporation. 19 C.J.S., Corporations, § 1493. A stockholder's derivative suit may be brought against the directors even though the corporation is in receivership, where a demand upon the receiver to bring the suit would be useless. Reed v. Hollingsworth, 1912, 157 Iowa 94, 135 N.W. 37. See also Weigen v. Council Bluffs Insurance Co., 1898, 104 Iowa 410, 73 N.W. 862, and 1 Cyclopedia Federal Procedure, 2d Ed., Sec. 118, p. 270. Upon discharge of a receiver, the corporation becomes reinvested with the possession and management of its own affairs. Singer v. Allied Factors, Inc., 1944, 216 Minn. 443, 13 N.W.2d 378. A corporation retains its property and rights even though its officers have resigned. Muscatine Turn Verein v. Funck, 1865, 18 Iowa 469. The fact that a corporation has been inactive does not permit an individual suit by a stockholder against the directors charged with misappropriating its assets; as long as it maintains a legal existence the claim belongs to the corporation. Brock v. Poor, 1915, 216 N.Y. 387, 111 N.E. 229. The fact that the value of the shares of stock belonging to a stockholder has been depreciated because of the misappropriation of corporate assets, does not give such stockholder an individual right of action. Smith v. Bramwell, 1934, 146 Or. 611, 31 P.2d 647. In that case the plaintiff alleged that by means of a voting trust the defendants secured control of the board of directors of the American Bancorporation and then proceeded to liquidate certain of its assets; that all was done pursuant to a conspiracy on the part of the defendants to enrich themselves at the expense of the corporation. The defendants were officers of the corporation. The plaintiff was the holder of shares of stock which had been deposited in the voting trust. The plaintiff sued the defendants for depreciation in the value of his stock because of their wrongful acts. On page 648 of the Pacific citation the Oregon Supreme Court states: "The gravamen of the complaint is that the defendants, pursuant to a conspiracy, committed wrongful acts resulting in injury to the corporation. Yet the plaintiff sues, not on behalf of the corporation, but in an individual capacity. If the plaintiff's allegations were true, undoubtedly he would sustain damage, but no more so than any other stockholder in proportion to his interest in the company. If plaintiff can maintain this action, then every other stockholder can do so. The proximate cause of plaintiff's loss was the alleged wrongful acts of the officers of the corporation who dissipated its assets and appropriated the same to their own use and benefit. * * * It is a well-established general rule that a stockholder of a corporation has no personal right of action against directors or officers who have defrauded or mismanaged it and thus affected the value of his stock. The wrong is against the corporation and the cause of action belongs to it."

There are situations where a stockholder may bring a direct action in connection with corporate matters. One type of case is represented by the case of Ritchie v. McMullen, 6 Cir., 1897, 79 F. 522, certiorari denied 168 U.S. 710, 18 S. Ct. 945, 42 L.Ed. 1212. In that case the plaintiff had pledged shares of stock in certain corporations with the defendants who were officers of the corporations. The plaintiff claimed that the defendants entered into a conspiracy to so depreciate the value of his stock that they could acquire it by sale under pledge, and that he was thus deprived of it. The plaintiff sued the defendants directly for depreciation in the pledged stocks. On page 533 of the opinion in 79 F., Justice Taft states: "The learned circuit judge was of opinion * * * that the wrongs committed were injuries to the corporations only, and that Ritchie, as a stockholder, could have no redress directly against the wrongdoers, and must find a remedy, if at all, in the enhancement in value in his stock caused by a recovery of damages by the corporations. * * * It is undoubtedly true, as the circuit court held, that a stockholder, merely as such, cannot have an action in his own behalf against one who has injured the corporation, however much the wrongful acts have depreciated the value of his shares. * * * But we are of opinion that this principle has no application where the wrongful acts are not only wrongs against the corporation, but are also viola-

440

tions by the wrongdoer of a duty arising from contract or otherwise, and owing directly by him to the stockholders. * * * In the case under review there was privity between Payne, Burke, and Cornell, on one hand, and Ritchie, on the other, created by the pledges of the stock. The bailee owes a direct duty to the pledgor to be reasonably careful that no harm shall come through his custody to the subject-matter of the pledge; Jones, Pledges §§ 403–405. A fortiori it is the bailor's duty not to do any act with the intention of depreciating the value of the pledge." In 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5913, in connection with exception just noted, it is stated: "It is only where the injury sustained to one's stock is peculiar to him alone, and does not fall alike upon other stockholders, that he can recover as an individual." A stockholder, instituting a stockholder's derivative suit, must plead and prove that request to institute action was made on the corporation and refused, or matter or matters which excused the making of the request. Reed v. Hollingsworth, 1912, 157 Iowa 94, 135 N.W. 37, 41. Similar requirement Rule 23(b), Federal Rules of Civil Procedure and Rule 44, new Iowa Rules of Civil Procedure. Where a stockholder sues in his own individual right, no demand upon the corporation itself is necessary. 13 Fletcher Cyclopedia Corporations, Perm. Ed., Sec. 5932. Thus, demand or lack of demand on the corporation is one of the indicia as to the nature of a suit brought by a stockholder.

There is a second type of situation in which a stockholder is permitted to bring a direct action, and that is where the wrongdoing on the part of those in control of a corporation does not work an injury to the corporation but does work an injury to minority stockholders. That situation is typified by the case of Southern Pacific Co. v. Bogert, 1919, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099. Different phases of that litigation appear and reappear in the reports. In that case, the majority stockholders put through a reorganization of the corporation in such a manner as to, for all practical purposes, freeze out and eliminate the minority stockholders. The reorganization was helpful to the corporation. Bogert v. Southern Pacific Co., 2 Cir., 1917, 244 F. 61, 62, 63. The United States Supreme Court in Southern Pacific Co. v. Bogert, supra, affirmed a decree in which the minority stockholders were given direct relief against the majority stockholders. That Court on page 487 of 250 U.S., on page 535 of 39 S.Ct., 63 L.Ed. 1099, states: "In considering the many objections urged against the decree, it is important to bear constantly in mind the exact nature of the equity invoked by the bill and recognized by the lower courts. The minority stockholders do not complain of a wrong done the corporation or of any wrong done by it to them. They complain of the wrong done them directly by the Southern Pacific and by it alone."

There is a third type of situation where stockholders have been permitted to recover directly, and that is where those despoiling a corporation have as a part of the wrongdoing destroyed the corporate entity of the wronged corporation. That situation is typified by Jones v. Missouri-Edison Electric Co., 8 Cir., 1906, 144 F. 765 (first appeal), certiorari denied 229 U.S. 615, 33 S.Ct. 774, 57 L.Ed. 1352, opinion in District Court, 135 F. 153; Id. (second appeal), 8 Cir., 199 F. 64, opinion on rehearing second appeal 203 F. 945; Id. (third appeal), 8 Cir., 233 F. 49; Thompson v. Bomar (last appeal), 8 Cir., 258 F. 339. That well known litigation started in 1903 and was completed in 1919. In that litigation, the plaintiff was the owner of preferred stock in the Missouri-Edison Electric Company. He charged that the majority stockholders and the directors of that company were instrumental in having that company consolidated with a corporation known as the Union Company to form a corporation known as the Consolidated Company and in having the assets of the Edison Company transferred to the Consolidated Corporation at much less than their real value, and that the defendants were the owners of all the stock in the consolidated corporation, and that the transaction constituted a fraud on the plaintiff and other minority stockholders. It appeared that in the consolidation, the corporate entity of the Edison Company had been destroyed. The plaintiff brought the suit in behalf of himself and all other stockholders similarly situated and for "the use and benefit of said Edison Company." 144 F. 765, 777. The plaintiff asked for the rehabilitation of the Edison Company or, in the alternative, for a direct lien in his individual favor upon the property of the consolidated Company

for the value of his stock. 144 F. 765, 777. The Eighth Circuit Court of Appeals held it was proper and permissible for a plaintiff stockholder in one bill in equity to ask for relief in behalf of the corporation, and in the alternative for individual and direct relief. 144 F. 765, 777. The final outcome of the litigation was that the court gave the plaintiff individually a direct lien upon the property of the Consolidated Corporation for the value of his stock. The situation in the Missouri-Edison Electric Company case differs from the situation in the case of Southern Pacific Co. v. Bogert, supra, in that in the Bogert case no injury was done to the corporation, while in the Missouri-Edison case there was an injury to the corporation.

In a stockholder's derivative suit where recovery is allowed, the judgment is entered in favor of the corporation. Smith v. Bramwell, supra; Hayden v. Perfection Water Cooler Co., 1917, 227 Mass. 589, 116 N.E. 871. The general rule is that no proportionate judgment can be allowed a stockholder in a derivative stockholder's suit. 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 6028; Chicago Macaroni Mfg. Co. v. Boggiano, 1903, 202 Ill. 312, 67 N.E. 17. One of the reasons why courts of equity have not allowed direct proportionate recoveries in stockholder's derivative suits, has been that the recovery is an asset of the corporation, and its creditors have first claim upon it; and that to award such recovery direct to the stockholders leaving any creditors unpaid, would be fraudulent as to them. Smith v. Bramwell, supra; Hoyt v. Hampe, 1927, 206 Iowa 206, 214 N.W. 718, 719, 220 N.W. 45. Another matter of increasing importance in recent years is the matter of state and federal taxes. Apart from the question of the recovery being needed to pay the unpaid claims of the state and federal government, is the fact that in a good many cases a substantial recovery by the corporation will require changes in tax reports previously made and result in additional tax liability.

While for certain purposes, as for instance, federal court jurisdiction, the stockholders instituting a stockholder's suit are technically regarded as parties (13 Cyclopedia Federal Procedure, Sec. 6892), yet so far as a court of equity is concerned, their status is that of those who set the judicial machinery in motion in behalf of the corporation. Overfield v. Pennroad Corporation, 3 Cir., 1944, 146 F.2d 889, 894; Graham v. Dubuque Specialty Machine Works, 1908, 138 Iowa 456, 114 N.W. 619, 15 L.R.A.,N.S., 729. In the case of Potter v. Walker, 1937, 252 App.Div. 244, 293 N.Y. S. 161, 163, it is stated: "It has been well stated that in a representative derivative action a stockholder who brings the same is not the real plaintiff, but merely the 'instigator' of the action."

A stockholder's derivative suit is an invention of the courts of equity and is recognizable only in equity and cannot be maintained at law. Felsenheld v. Bloch Bros. Tobacco Co., 1937, 119 W.Va. 167, 192 S.E. 545, 123 A.L.R. 334, 339; Callanan v. Powers, 1910, 199 N.Y. 268, 92 N.E. 747; Roberts v. Kennedy, 1922, 13 Del. Ch. 133, 116 A. 253; Harris v. Pearsall, 1921, 116 Misc. 366, 190 N.Y.S. 61; Jacobs v. First National Bank, D.C.La. 1929, 35 F.2d 227, 231; Pomeroy, Equity Jurisprudence, 3d Ed., Sec. 1985. Even if the claim, if sued directly by the corporation, would be an action at law, yet, if enforced by means of a stockholder's derivative suit, it is prosecuted by an action in equity. Rettinger v. Pierpont, Neb.1944, 15 N.W.2d 393, 397. When a stockholder institutes a derivative suit, it is the same in legal effect as if the corporation itself had sued. Dewing v. Perdicaries, 1877, 96 U.S. 193, 198, 24 L.Ed. 654. Rule stated similarly in 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 6027, p. 427. If the corporation does not have a cause of action, then there can be no recovery in a stockholder's derivative suit. Outing v. Plum, 1931, 212 Iowa 1169, 1172, 235 N.W. 559. The corporation's rights in connection with a claim asserted in its behalf in a stockholder's derivative suit are the same as if the corporation sued direct. Arn v. Operators Royalty & Producing Co., D.C. Okl.1936, 13 F.Supp. 769, 772. Any defense that would be good against the corporation if it sued, is good against a claim asserted in its behalf in a stockholder's derivative suit. Kessler v. Ensley Land Co., 5 Cir., 1906, 148 F. 1019, certiorari denied 205 U.S. 541, 27 S.Ct. 788, 51 L.Ed. 921; DiTomasso v. Loverro, 1937, 250 App.Div. 206, 293 N.Y.S. 912. In equity cases where jurisdiction is based upon diversity of citizenship, the state statutes of limitations are applicable. Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. ——. In Iowa, statutes of limitations are applicable to both equit-

442

able and law actions. Anderson v. Anderson, 1944, 234 Iowa 277, 12 N.W.2d 571, 574. · Where a claim belonging to a corporation would be barred if sued upon directly by the corporation, it is also barred when asserted in its behalf in a stockholder's derivative suit. 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5886, p. 242.

In an ordinary action by a corporation on a claim, the conduct of a particular stockholder is not material. Stockholders have no power to act for or bind a corporation except at a corporate meeting. 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5730. Courts of equity, in ordinary cases, will refuse relief to those suitors who do not come into equity with clean hands, or who have ratified or acquiesced in the wrong complained of. Both of these rules of law are applicable to stockholder's derivative suits. Where a claim is asserted in behalf of a corporation in a stockholder's derivative action in order for matters to be a bar to the claim, they must be such matters as relate to the corporation itself, and the conduct of a particular stockholder is not material. However, the conduct of a particular stockholder who seeks to maintain a stockholder's derivative suit might be so at variance with equitable principles, that a court of equity would abate the action. Thus, a particular stockholder who institutes a stockholder's derivative suit, may have participated in the wrong complained of (see Conners v. Conners Bros. Co., 1913, 110 Me. 428, 86 A. 843, 846), or may have ratified the wrong complained of or acquiesced in it, or have had knowledge of the wrong complained of under circumstances which would make him guilty of laches. In such cases, a court of equity will not recognize him as a proper suitor· in a court of equity and will abate the action without reference to the merits of the claim sought to be asserted in behalf of the corporation. The fact that one stockholder has discovered fraud and is guilty of laches does not prevent another stockholder who is not guilty of laches from instituting a stockholder's derivative suit. 13 Fletcher Cyclopedia Corporations, Perm. Ed., Sec. 5886, p. 243, also Sec. 5874. Laches to be a matter of bar must be the laches of the corporation itself. Daniels v. Briggs, 1932, 279 Mass. 87, 180 N.E. 717; 13 Fletcher Cyclopedia Corporations,

Perm.Ed., Sec. 5874, p. 226. Acquiescence of a stockholder in the wrong complained of, which prevents him from maintaining a. stockholder's derivative suit, is distinct from the acquiescence on the part of a corporation which is a bar to the claim. 1 Morawetz Private Corporations, 2d Ed., Sec. 239, p. 255, and Sec. 262. In stockholder's derivative suits, matters in bar relate only to the claim of the corporation itself. Matters in abatement can relate to both the claim of the corporation and the particular stockholder instituting the action. A stockholder's derivative suit may be abated so far as the corporation itself is concerned because of lack of jurisdiction or because the claim was not due. A stockholder's derivative suit may also be abated because of the conduct or situation of the particular stockholder or stockholders instituting the action. However, the claim of the corporation cannot be barred by the conduct or situation of the particular stockholder or stockholders instituting the proceedings. If, however, a particular stockholder is suing in his own individual behalf for wrongs done in connection with corporate affairs, then his own conduct and situation could be a bar to his claim. The statute of limitations is a matter of positive bar. 37 C.J. p. 698. The knowledge or lack of knowledge of an individual stockholder not connected with a corporation other than as a stockholder is not material in considering the statute of limitations as a bar to the claim of the corporation itself. In such a situation it is the knowledge or lack of knowledge of those connected with the corporation whose knowledge is by law imputed to the corporation. Where those whose knowledge is ordinarily imputed to a corporation are the wrongdoers and they are in control of the corporation, the statute of limitations may be suspended until that situation is changed but that is not a matter having to do with the knowledge or lack of knowledge of a particular stockholder. The knowledge or lack of knowledge of an individual stockholder is material on the question of the statute of limitations as a matter of bar where such stockholder is asserting an individual right. The knowledge or lack of knowledge of an individual stockholder who institutes a stockholder's derivative suit is material on the matter of abatement of such a suit, because of the rule that equity will not grant relief at the behest of suitors whose conduct has offended equitable principles, but

that is a matter of abatement and not of bar.

The plea of res judicata is an affirmative defense. Rule 8(c), Federal Rules of Civil Procedure. As heretofore noted, jurisdiction in the present case is based upon diversity of citizenship and is governed by Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In diversity cases, the federal courts follow the state law as to burden of proof. Cities Service Oil Co. v. Dunlap, 1939, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; National Lead Co. v. Nulsen, 8 Cir., 1942, 131 F.2d 51, 56, certiorari denied 318 U.S. 758, 63 S.Ct. 533, 87 L.Ed. 1131. Under the Iowa law, the burden of proof of res judicata is upon the party asserting it. Lambert v. Rice, 1909, 143 Iowa 70, 120 N.W. 96; Williams-Perry v. Reeder, Iowa 1945, 17 N.W.2d 98. Federal courts will accord the judgment of a state court the same effect as it is given in the courts of the state of its rendition. National Lead Co. v. Nulsen, supra; 3 Cyclopedia Federal Procedure, 2d Ed., Sec. 625. Accord Brictson Mfg. Co. v. Close, 8 Cir., 1928, 25 F.2d 794. The law relating to the doctrine of res judicata is substantive and not procedural. 8 Cyclopedia Federal Procedure, 2 Ed., Sec. 3522. The doctrine of res judicata is a branch of the law of estoppel. Cook v. Hardin County Bank, 1945, 76 Ohio App. 203, 63 N.E.2d 686, 689. The doctrine of res judicata is one of general application and there is nothing peculiar to it in federal courts. 1 Cyclopedia Federal Procedure Sec. 117, p. 264. The Iowa Supreme Court had in several recent decisions stated the effect and scope of the Iowa rule as to res judicata. In the case of Phoenix Finance Corporation v. Iowa Wisconsin Bridge Co., Iowa 1945, 20 N.W.2d 457, 461, the Iowa Supreme Court states: "We must start with the proposition that 'an adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is announced, but in every other where the right or title is the same, although the cause of action may be different.' Goodenow v. Litchfield, 59 Iowa 226, 233, 9 N.W. 107, 110, 13 N.W. 86. This proposition is reaffirmed and applied in Watson v. Richardson, 110 Iowa 698, 80 N.W. 416, 80 Am.St. Rep. 331." In case of In re Christensen's Estate, 1940, 227 Iowa 1028, 290 N.W. 34, on page 38 of the Northwestern citation, the Iowa Supreme Court states that it recognizes and applies the rule "that an adjudication operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might, with propriety, have been litigated and determined in that action." The views of the court which rendered a judgment are not conclusive as to what was decided by the judgment and its scope and effect as res judicata. Hogle v. Smith, 1907, 136 Iowa 32, 113 N.W. 556, 558. In the case just referred to, the trial court expressly stated that certain matters were not considered and were not covered by the judgment. The Iowa Supreme Court held that they necessarily were included. The test is whether the same matters would sustain both the present action and the former action. Johnson v. Knudson-Mercer Co., 1906, 167 Ind. 429, 79 N.E. 367, 370. In the case of Phoenix Finance Corporation v. Iowa Wisconsin Bridge Co., 8 Cir., 1941, 115 F.2d 1, 6, 139 A.L.R. 1490, reversed on other grounds 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967, in connection with the doctrine of res judicata, it is stated: " * * * it has long been the rule in national courts 'that a former judgment between the same parties (or their privies) upon the same cause of action as that stated in the second case constitutes an absolute bar to the prosecution of the second action, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Werlein v. New Orleans, 177 U.S. 390, 397, 20 S.Ct. 682, 685, 44 L.Ed. 817 * * *." Accord Chicot County Drainage Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. A judgment which has become final, which is wrong, is just as effective as a judgment which is right. Thornton v. Carter, 8 Cir., 1940, 109 F.2d 316, 320. Accord Phoenix Finance Corporation v. Iowa Wisconsin Bridge Co., supra.

The general rule is that a judgment for a defendant or defendants in a stockholder's derivative suit operates as a bar in favor of such defendant or defendants on the same claim or cause of action in a subsequent stockholder's derivative suit by other stockholders. Fahrenwald v. Spokane Savings Bank, 1934, 179 Wash. 61, 35 P.2d 1117; Willougby v. Chicago Junction Railways & U. S. Co., 1892, 50 N.J.Eq. 656,

676, 25 A. 277; Dana v. Morgan, 2d Cir., 1916, 232 F. 85, 87. In the case of Dana v. Morgan, just cited, the situation was that the corporation had entered into certain contracts with its former president Morgan, which were regarded as illegal or fraudulent by some of the stockholders. One Warner, a stockholder, instituted a suit in New York state court attacking the contracts as ultra vires, stating that he brought the action in behalf of himself and the other stockholders of the corporation who had not consented to the making of the contracts and asking that the contracts be held invalid and recovery be had against Morgan for the amounts paid thereunder. The state court dismissed the action and entered judgment in favor of Morgan. Subsequently, one Dana, another stockholder, instituted an action in federal court in "behalf of himself and all other stockholders who did not consent to the making of the contracts * * * and who are willing to contribute to the expense of the action, attacking the contracts as fraudulent." The Second Circuit Court of Appeals held that the state court action was a bar to the federal court action. That court on page 88 of 232 F. states: "The right of the plaintiff to sue is, in this case, as it was in the New York case [Warner v. Morgan, 81 Misc. 685, 143 N.Y.S. 516, affirmed 165 App.Div. 903, 149 N.Y.S. 1117], a right to sue for the wrong alleged to have been done to the defendant corporation"; and on page 89 of 232 F., the same court further states: "And as in such suits the wrong to be redressed is the wrong done to the corporation and as the corporation is a necessary party to the suit, it inevitably follows that there can be but one adjudication on the rights of the corporation. And it is the undoubted law that the judgment in the state court is an estoppel and a finality not only as to all matters actually litigated in the suit but also as to all matters which were not but might have been presented to the court and passed upon therein." In the case of Willoughby v. Chicago Junction Railways & U. S. Co., supra, the need for the rule just referred to is stated by the court on page 281 of the Atlantic citation as follows: "If not so, there can be no end of litigation, for the court is then open to suit by every stockholder seriatim presenting the questions over and over for consideration." In 13 Fletcher Cyclopedia Corporations, Perm. Ed., Sec. 5959, in referring to stockholder's derivative suits, it is stated: "Such suits

cannot be multiplied by each and every stockholder bringing an action or suit as he may feel aggrieved. The one suit is for all." In order for a judgment in a stockholder's derivative suit to be res judicata, the action must not have been instituted through fraud and collusion with the alleged wrongdoers. Dana v. Morgan, supra, 232 F. at page 89.

 There is involved in the present case some questions in regard to Iowa practice and procedure. Prior to July 4, 1943, at which date the new Iowa Rules of Civil Procedure (Chapter 278, Acts of 50th General Assembly) went into effect, demurrers were used in actions at law (Section 11141, Code of Iowa 1939) while motions to dismiss were used in actions in equity. Section 11130, Code of Iowa 1939. Under Rule 104 of the new Iowa Rules of Civil Procedure motions to dismiss are now applicable alike to both actions at law or in equity. Cook, Iowa Rules Civil Procedure, Annotated, p. 218. Section 11130 of the 1939 Code of Iowa provided in part as follows: "In actions triable in equity, every defense in point of law arising upon the face of the petition * * * which is an action triable at law may be made * * * by motion to dismiss * * *". Section 11141, Code of Iowa 1939, provided in part as follows: "In actions triable at law, any party may demur to any pleading filed by an adverse party upon one or more of the following grounds appearing on its face: 1. That the court has no jurisdiction of the person of the defendant, or the subject of the action. 2. That the adverse party has not legal capacity to sue. 3. That there is another action pending between the same parties for the same cause. 4. That there is a defect of parties, plaintiffs or defendants. 5. That the facts stated in the pleading attacked do not entitle the adverse party to the relief demanded." Section 11148 of the Code of Iowa 1939 provided in part: "Upon a decision of a demurrer, if the adverse party fail to amend or plead over, the same consequences shall ensue as though a verdict had passed against the plaintiff * * *." So far as legal effects and consequences were concerned, the Iowa Supreme Court has treated motions to dismiss and demurrers similarly. Morrison v. Carroll Clinic, 1927, 204 Iowa 54, 214 N. W. 705; Swartzendruber v. Polke, 1928, 205 Iowa 382, 218 N.W. 62, 64. In Iowa, the mere sustaining of a motion to dismiss does not constitute a final adjudication.

Hayes v. Selzer, 1939, 227 Iowa 693, 289 N.W. 25; Brown v. Cunningham, 1891, 82 Iowa 512, 48 N.W. 1042, 12 L.R.A. 583. A ruling on a demurrer does not become a final adjudication unless followed by a judgment. Devoe v. Dusey, 1928, 205 Iowa 1262, 217 N.W. 625; Schwartz v. Consolidated School District, 1938, 225 Iowa 1272, 282 N.W. 754. See also Norton v. Knapp, 1884, 64 Iowa 112, 19 N.W. 867; Brown v. Cunningham, supra. Where a motion to dismiss is sustained the plaintiff must be given the right to amend or to elect to stand on the ruling. Marcovis v. Commonwealth Inv. Co., 1937, 223 Iowa 801, 273 N.W. 888. Where a demurrer is overruled and a party does not plead over by the time appointed, the court is justified in assuming that such party has elected to stand thereon and entering judgment against him. Cameron v. Boyle, 1849, 2 G. Greene, Iowa, 154. This matter is now covered by Rule 86 of the new Iowa Rules of Civil Procedure. A judgment entered following the sustaining of a demurrer is a final adjudication and a bar to another action based upon the same facts. Felt v. Turnure, 1878, 48 Iowa 397; Lamb v. McConkey, 1888, 76 Iowa 47, 40 N.W. 77; Gregory v. Woodworth, 1899, 107 Iowa 151, 77 N.W. 837; Oates v. Morningside College, 1934, 217 Iowa 1059, 252 N.W. 783, 91 A.L.R. 563; Wapello State Sav. Bank v. Colton, 1909, 143 Iowa 359, 122 N.W. 149. In the case of Oates v. Morningside College, supra, on page 785 of the Northwestern citation, the Iowa Supreme Court states: "It is the settled rule that as to a final judgment for a defendant on a demurrer to plaintiff's petition, where the same is not amended or appealed from, the court's order thereon is a final determination of the action, and no retrial of the issues, so tendered, can thereafter be brought unless the judgment is set aside." In the case of Felt v. Turnure, supra, where a judgment following a sustaining of a demurrer was relied upon as res judicata, the Iowa Supreme Court on page 402 of 48 Iowa states: "It matters not upon what ground the court acted. The court then held that the fact that Wm. Felt conveyed to Turnure without consideration, with design to hinder and delay creditors, and with intent that Turnure should hold the title in secret trust for the use and benefit of Wm. Felt, did not entitle the plaintiff to any relief. This was an adjudication of that question by a court of competent jurisdiction. It stands yet unreversed, and we are unable to see why it is not conclusive of that question between these parties. The question has been once determined, and that determination, right or wrong, is a finality. That a judgment on demurrer will bar another action between the same parties on a cause involving the same facts. See Keater & Skinner v. Hock, Musser & Co., 16 Iowa 23." The same court, in the same opinion (48 Iowa at page 401), further states: "The plaintiff, in the former action, asks for general relief, under which prayer he would be entitled to any relief consistent with the case made in the petition." In order for the former judgment to be res judicata, the judgment must have been on the merits. 34 C.J. § 1501, p. 1063. A judgment following the sustaining of a demurrer constitutes a final adjudication on the merits of the claim asserted. Gregory v. Woodworth, 1899, 107 Iowa 151, 77 N.W. 837. A judgment rendered on demurrer is as conclusive as to the material facts confessed by the demurrer as though they had been put in issue and established by a verdict. Wapello State Sav. Bank v. Colton, 1909, 143 Iowa 359, 122 N.W. 149, 151. A judgment on demurrer is as conclusive as one rendered on proof. Northern Pacific Railway Co. v. Slagt, 1901, 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738. Where a demurrer raises the question of the statute of limitations and is sustained and followed by judgment, the same constitutes a decision on the merits and is res judicata. Cooley v. Maine, 1918, 183 Iowa 560, 165 N.W. 1015, 1016. In that case, on page 1016 of the Northwestern citation, the Iowa Supreme Court states: "We are unable to agree that, when it is decided that a cause of action pleaded is barred by the statute of limitations, the decision is 'not on the merits.'" Where a judgment on a demurrer affects the interests of all the defendants to an action, it constitutes an adjudication both on those defendants who joined in the demurrer and those who did not. Dillavou v. Dillavou, 1909, 142 Iowa 291, 120 N.W. 628. A judgment of dismissal following the sustaining of a demurrer is an involuntary dismissal and constitutes a dismissal with prejudice as the Iowa procedure does not provide for any other kind of dismissal in such a case. Cooley v. Maine, supra.

In Iowa, prior to July 4, 1943, the matter of voluntary dismissals was covered by Section 11562 Code of Iowa 1939 which provided in part as follows: "An action may be dismissed, and such dismissal shall be with-

out prejudice to a future action: 1. By a plaintiff, before final submission of the case to the jury, or to the court when the trial is by the court." Rule 215 of the new Iowa Rules of Civil Procedure now in effect is somewhat more restrictive as to voluntary dismissals.

 Under Section 11141 of the Code of Iowa 1939, it was specifically provided that the defense of the statute of limitation could be raised by demurrer, and hence, as hereto noted, could be raised in equity cases by a motion to dismiss. Section 11130 Code of Iowa 1939. While Rule 104 of the new Iowa Rules of Civil Procedure, which supersedes those two statutes, does not specifically provide for the raising of the defense of statute of limitations by a motion to dismiss, yet that question could obviously be raised under that part of that rule which provides that "failure to state a claim on which any relief can be granted" may be raised by a motion to dismiss. Rule 12(b) of the Federal Rules of Civil Procedure likewise provides for dismissal where a pleading fails to state a claim upon which relief can be granted. A motion to dismiss is only sustainable where it appears to a certainty that a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him. Musteen v. Johnson, 8 Cir., 1943, 133 F.2d 106; Cool v. International Shoe Co., 8 Cir., 1944, 142 F.2d 318. While the 8th Circuit Court of Appeals in Leimer v. State Mutual Life Assurance Co., 1930, 108 F.2d 302, 306, states that if the complaint shows on its face that it is barred by the statute of limitations, the matter may be raised by a motion to dismiss, yet a motion to dismiss based on that ground should only be sustained where that complaint shows "conclusively" that the claim stated is so barred. Where a motion to dismiss has been sustained, it is res judicata as to a subsequent action based on the same claim. Bruening v. El Dorado Refining Co., D.C.Mo.1943, 53 F.Supp. 356. A defendant's motion to dismiss in a federal court action, being a request for an involuntary dismissal, is governed by Rule 41(b) of the Federal Rules of Civil Procedure. That subdivision provides in part: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

References are made herein to the Superior Court of the City of Cedar Rapids. Under Section 10697 of the Code of Iowa 1939, cities with a population of over 4,000 may establish superior courts. Under Section 10704 of the same Code, such courts have concurrent jurisdiction with the district court as to all civil matters except probate and divorce.

 The defendants in the present action claim that the matters which the plaintiffs wish to have litigated have been previously adjudicated, and proof was made by the parties as to matters bearing on that question. It appears that for the May 1935 term of the District Court of Iowa in and for Linn County, one Hermann L. Currier as plaintiff, filed a petition at law in case known as No. 47349 against Arthur Barlow, as Receiver of the Shores-Mueller Company, asking judgment for the sum of $3,241.11. The Shores-Mueller Company was made a party defendant. One E. E. Collins appeared as attorney for the plaintiff. The plaintiff in his petition stated that he brought the action in behalf of himself and the other stockholders of the corporation. The plaintiff in his petition set forth that the corporation had gone into receivership in 1933, and that Arthur Barlow had been appointed receiver, and that the assets of the corporation had been sold at receiver's sale by Arthur Barlow, and that Arthur Barlow had made his final report and been discharged as such receiver. The plaintiff attached to his petition a copy of a voting trust agreement entered into between certain stockholders of the corporation. The plaintiff further stated that G. A. Shores, Van Vechten Shaffer, Don Barnes, Frank Byers and others were directors of the Shores-Mueller Company, and were parties to the wrong he was complaining of, and for that reason no appeal had been made to them to commence the action. The wrong of which the plaintiff complained, was that at the time of the sale of the corporate assets by Arthur Barlow as receiver, that the corporation had the sum of $3,241.11 in cash which had not been accounted for. The defendant, Arthur Barlow as Receiver, demurred to the petition on the grounds (1) that the plaintiff had not secured any order of court authorizing a suit against him as receiver, (2) that the action constituted a collateral

attack on the receivership proceedings, and (3) that the jurisdiction of the receivership was in the Superior Court in the City of Cedar Rapids, Iowa. The demurrer was sustained and upon the failure of the plaintiff to plead over by the time fixed by the court a judgment of dismissal was entered. No appeal was taken. The action was brought against Arthur Barlow as receiver and purports to have him account as such receiver, although the plaintiff stated that the receivership had been closed. The action purported to be a stockholder's derivative suit although it was brought at law. The grounds of the demurrer of the defendant, Arthur Barlow, were in effect that he could not be sued as receiver. While matter of the $3,241.11 of cash appears to be involved in some of the subsequent claims against Arthur Barlow, yet the court is of the view that all that was adjudicated by the case, was that Arthur Barlow could not be sued as receiver, and that such adjudication is not res judicata as to the claim or claims asserted in the present action. Where a party is sued in a representative capacity, the judgment in such a case is not conclusive as to him individually. McBurnie v. Seaton, 1887, 111 Ind. 56, 12 N.E. 101. The defendants, Van Vechten Shaffer, Don Barnes, Frank Byers, and the Shores Company, in the present action, were not parties to the action referred to.

■ For the January, 1935, term of the Superior Court of the City of Cedar Rapids, Hermann L. Currier, as plaintiff, filed a petition in equity known as case No. 9448 against a number of defendants, including Van Vechten Shaffer and the Shores Company. E. E. Collins appeared as attorney for the plaintiff. The plaintiff stated that the action was brought in behalf of himself and the other stockholders of the Shores-Mueller Company. The plaintiff claimed in substance that the defendants had despoiled the Shores-Mueller Company of its assets, and asked that judgment be rendered against them for $2,372,960. On August 1, 1936, the plaintiff filed a voluntary dismissal without prejudice. Since the plaintiff had the right under the Iowa law to file a voluntary dismissal without prejudice, the dismissal was not an adjudication, and is not res judicata as to the claim or claims asserted in the present action.

■ For the May 1936 term of court of the District Court of Iowa in and for Linn County, Hermann L. Currier, as plaintiff, filed a petition in equity known as case No. 49535, against Van Vechten Shaffer, Arthur Barlow and others as defendants. The plaintiff stated that the action was brought in behalf of himself and the other stockholders of the Shores-Mueller Company. E. E. Collins appeared as attorney for the plaintiff. The plaintiff complained of the wrongdoing of the defendants in connection with the affairs of the Shores-Mueller Company. A motion to dismiss was filed by the defendants. The motion to dismiss was sustained, and the plaintiff was given ten days to plead over. The plaintiff did not plead over, but no judgment of dismissal was or has ever been entered. Because no judgment was ever entered following the sustaining of the motion to dismiss, that ruling was not a final adjudication and is not res judicata as to the claim or claims asserted in the present action. So far as the record shows, that case is still pending in the District Court of Iowa in and for Linn County, with the right of that court to change the ruling.

■ For the June 1936 term of the Superior Court of Cedar Rapids, Hermann L. Currier, as plaintiff, filed a petition in equity in the Superior Court of the City of Cedar Rapids, known as case No. 9458. The plaintiff joined as defendants in that action among others, Van Vechten Shaffer and the Shores Company. E. E. Collins appeared as attorney for the plaintiff. The plaintiff, in his petition, stated that he brought the action in behalf of himself and the other stockholders of the Shores-Mueller Company. It is plain from the allegations of the petition and the relief asked that the action constituted a stockholder's derivative suit. The plaintiff, in a lengthy petition, claimed, in substance, that certain of the defendants, including the defendants, Van Vechten Shaffer had despoiled the Shores-Mueller Company of its assets by means of a collusive and fraudulent receivership and receiver's sale, and that the Shores Company had the assets. The relief asked, in substance, was the restoration of the property to the Shores-Mueller Company. Although the action was plainly a stockholder's derivative suit, the plaintiff in his original petition did not refer to the matter of a demand upon the corporation to commence the action. Don Barnes, Arthur Barlow and Frank Byers were alleged to have taken part in the wrongdoing complained

of, but they were not made parties defendants. The defendant, Van Vechten Shaffer, filed a motion to dismiss, the substance of which was that the action was a collateral attack on the judgment and orders in the receivership proceedings. The Shores Company filed a motion to dismiss upon the grounds: that there was a misjoinder of parties and causes of action; that the petition showed on its face that the alleged cause of action was barred by laches; that the petition showed on its face that the plaintiff had no right to maintain the action or standing to maintain it on behalf of other parties, and that the petition failed to state any facts upon which the court could grant the relief demanded. The plaintiff then amended his petition, and stated that no demand had been made on the corporation to commence the action because it would have been futile. Van Vechten Shaffer then amended his motion to dismiss, adding the grounds of misjoinder of causes of actions and of parties, and of laches, and the ground that the petition showed on its face that the plaintiff had no standing to maintain the action or maintain it in behalf of other parties. The motions to dismiss were sustained by the court. The court gave the plaintiff leave to amend. The plaintiff failed to amend within the time fixed and on September 9, 1936, a judgment of dismissal was entered. No appeal was taken. The court did not specify in either the ruling or judgment the ground or grounds for the dismissal. All except one of the grounds of the motions to dismiss appear to set forth matters which would bar the claim. However, the ground that the plaintiff had no standing to maintain the action or to maintain it in behalf of other parties was obviously the pleading of matter in abatement. At the time in question, Iowa trial courts in ruling on motions were not required to specify the grounds upon which they were sustained. This is now required by Rule 118 of the new Iowa Rules of Civil Procedure. Therefore, the situation was that a motion to dismiss was sustained and judgment of dismissal entered in response to motions that raised both matters in bar and in abatement without the court specifying whether the dismissal was in abatement or bar. There was in effect at the time Section 11569, Code of Iowa 1939, which provided as follows: "Where matter in abatement is pleaded in connection with other matter not such, the finding of the jury or court must distinguish between matter in abatement and matter in bar, and the judgment must, if it is rendered on the matter in abatement, and not on the merits, so declare." That statute now appears in substance as Rule 220 of the new Iowa Rules of Civil Procedure. It is well settled in Iowa that unless the judgment specifies that it is in abatement, that it must be regarded as a judgment in bar on the merits on the question of res judicata. Garretson v. Ferrall, 1894, 92 Iowa 728, 61 N.W. 251; Reeves & Co. v. Lamm Bros., 1907, 135 Iowa 201, 112 N.W. 642. Thus, the judgment of dismissal in case No. 9458 was an adjudication on the merits as to the matters complained of as to Van Vechten Shaffer and the Shores Company. The plaintiffs, in the present action, claim that such adjudication was not res judicata because of certain other matters. One of the contentions of the plaintiffs in regard to case No. 9458 is that the court did not acquire jurisdiction as to the Shores-Mueller Company. It is well settled that, in a stockholder's derivative suit, the corporation is a necessary party. 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5997. In case No. 9458, the Shores-Mueller Company was named as defendant. The files in the case do not show that an original notice was served on the Shores-Mueller Co. and six of the other defendants. The Shores-Mueller Company appeared in the action by attorney Don Barnes, and the law firm of Barnes, Chamberlain and Hanzlik, of which Don Barnes was a member. On some of the papers filed in behalf of the Shores-Mueller Company, the names of both Don Barnes and the firm appear, and in others, only the firm name appears. It is the claim of the plaintiffs in the present action, that the appearance of Don Barnes and the firm of Barnes, Chamberlain and Hanzlik was unauthorized. The deposition of Don Barnes was taken by the plaintiffs in the present action and introduced in evidence. In that deposition, he was asked about his connection with a number of cases in which the Shores-Mueller Company was a party. In that deposition he stated that he was elected a director of the corporation in 1932 or 1933, and supposed he still occupied the same position; that no director's meetings had been held since 1933; that he did not know whether there was any formal act or resolution employing him as its attorney and that he did not recall who authorized him to enter an ap-

pearance in behalf of the corporation. An attorney who appears for a party is presumed to have authority to so appear. Burns v. Prudential Ins. Co., 1940, 229 Iowa 616, 294 N.W. 906. See also Section 10923 Code of Iowa 1939. The want of authority to so appear must be established by clear and satisfactory evidence. Sloan v. Jepson, 1934, 217 Iowa 1082, 252 N.W. 535. The case just cited indicates that the presumption in favor of authority for appearance is especially strong where it is sought to invalidate a judgment. It is not necessary that a corporation employ an attorney by formal act or resolution. Kridelbaugh v. Aldrehn Theatres Co., 1923, 195 Iowa 147, 191 N.W. 803. Managing officers and agents of a corporation may employ attorneys to appear in behalf of the corporation unless expressly forbidden to do so. Blue Goose Mining Co. v. Northern Light Mining Co., 9 Cir., 1917, 245 F. 727. Boards of directors of a corporation could, and some of them doubtless do, authorize an attorney to appear in behalf of the corporation as to any cases brought both in the present and future against them. The showing of the plaintiff in the present action related more specifically to the authority of Don Barnes to appear, and only inferentially to the authority of the firm of Barnes, Chamberlain and Hanzlik. The court is of the view that the want of authority of Don Barnes and of the firm of Barnes, Chamberlain and Hanzlik to appear for the Shores-Mueller Company in case No. 9458 has not been established by clear and satisfactory evidence. It appears to be the view of the plaintiffs that although appearance of a party by an attorney ordinarily makes the party so appearing a party to the action, that where alleged wrongdoers are in control of a corporation, that the only way such corporation can properly be made a party to the suit is by having an original notice served on it. It would seem that where wrongdoers are in control of a corporation, that any original notice served on the corporation would of necessity have to be served on one of the wrongdoers or someone controlled by them, and any appearance of the corporation entered in response to such notice would be directed by the wrongdoers. It is believed that so far as the case under consideration is concerned, that it is without legal significance whether the Shores-Mueller Company entered an appearance following service of an original

notice, or entered an appearance without such notice being served. As heretofore noted, judgment in a stockholder's derivative suit is not res judicata if such action was fraudulent and collusive. The plaintiffs make no claim that Hermann L. Currier and his attorney, E. E. Collins, were colluding with the alleged wrongdoers, and such claim could hardly be seriously made, for the record clearly indicates that they were bitter antagonists of the alleged wrongdoers. The claim of the plaintiffs is, in substance, that the action was fraudulent, and in support of that claim, they introduced in evidence the files in a case known as case No. 9471. In April 1937, a petition in equity, No. 9471, was filed in the Superior Court of Cedar Rapids by Van Vechten Shaffer, Don Barnes, Frank Byers, Arthur Barlow, George L. Mueller, Shores-Mueller Company and G. A. Shores, and G. A. Shores, Van Vechten Shaffer, Don Barnes, Frank Byers, Arthur Barlow, Trustees under a Voting Trust agreement with the stockholders of the Shores-Mueller Company as plaintiffs, against Hermann L. Currier, E. E. Collins, C. E. Mueller, and Mrs. Wilhelmina Justine Steege as defendants. In their petition, after referring to a number of matters in connection with the matter of the receivership of the Shores-Mueller Company, the plaintiffs go on to state that the defendant, C. E. Mueller, who was formerly connected with the Shores-Mueller Company, E. E. Collins, an attorney and Hermann L. Currier were harassing them with vexatious litigation in connection with the affairs of the Shores-Mueller Company. The plaintiffs claimed that 30 different suits had been either brought by those defendants or instigated by them against the plaintiffs, all of which had either been dismissed by them or adjudicated against them. The defendants defaulted, and on May 11, 1937, a decree was entered stating in general terms that allegations of the petition were true and enjoining the named defendants from maintaining and commencing actions against the plaintiffs in connection with the affairs of the Shores-Mueller Company. The injunction was directed only against the defendants named, and was not a class injunction, and did not enjoin any other stockholders. In the injunction petition, the plaintiffs listed among the 30 actions instituted by the defendants, case No. 9458 which as noted, resulted in an adjudication in favor of Van Vechten Shaffer and the

Shores Company. On page 13 of the petition in the injunction proceedings (case No. 9471) in referring to the different actions instituted, the plaintiffs stated: "That said suits stated no cause of action against these plaintiffs * * * that they were not filed in good faith, nor were they intended by said E. E. Collins and C. E. Mueller to be tried; that the said Hermann L. Currier was relying solely upon the misrepresentations made to him by the said C. E. Mueller and E. E. Collins in commencing said actions, or in the alternative that if the said Hermann L. Currier would pay them certain sums they would collect for his benefit large sums of money from these Plaintiffs; that said representations were made knowing the said Hermann L. Currier had no valid claim against these Plaintiffs." The plaintiffs in the present action claim that the language quoted followed by a decree finding the allegations of the petition were true, nullifies the judgment in case No. 9458 in favor of Van Vechten Shaffer and the Shores Company. The petition filed by Hermann L. Currier in No. 9458 went into great detail as to the affairs of the Shores-Mueller Company and the wrongs committed by the defendants, and when faced with motions to dismiss, he made effort to stay in court by amendment to his petition. It is believed that the statement of facts made by Hermann L. Currier in his petition is more detailed as to the alleged wrongdoing than is either the original or amended complaint in the present action. Upon such full and detailed statement as to the facts, the court in case No. 9458 held and adjudicated that there was no claim against the defendants, Van Vechten Shaffer and the Shores Company. The plaintiffs make no claim that Hermann L. Currier in his petition omitted to state any facts that should have been stated or concealed any facts from the court so as to wrongfully induce an adverse adjudication. The fact, if it was a fact, that the secret intentions of C. E. Mueller and E. E. Collins were not commendable, would not nullify an adjudication based on a full and detailed statement of facts contained in the petition where there is no evidence that Hermann L. Currier and E. E. Collins were colluding with the defendants. It is the view of the court that the judgment in case No. 9458 constitutes a bar to any subsequent suit brought in behalf of the Shores-Mueller Company against the defendants, Van Vechten Shaffer and the Shores-Company on the same claim. Since Don Barnes and Frank Byers were not parties to that action, the judgment would not be res judicata as to them.

On August 9, 1941, a complaint in equity was filed in the United States District Court for the Northern District of Iowa, Cedar Rapids Division as case No. 41, Wilson v. Shores-Mueller Co., 40 F. Supp. *729*. That action was brought by Lorraine Wilson, Lynn J. Hedin, Administrator with will annexed of the Estate of M. J. Hedin, deceased, and Huldah Diekman, as plaintiffs, with the Shores-Mueller Company, the Shores Company, Van Vechten Shaffer, Arthur Barlow, Donald Barnes, Frank Byers and others named as defendants. The plaintiffs were represented by attorneys Free and Free. Don Barnes filed a motion to quash service of the summons as to him based in substance that his name was not Donald Barnes, but Don Barnes. In the present case, it was stipulated in substance, that the defendant, Donald Barnes, who was served with the summons, in that case was and is the same person as Don Barnes, one of the defendants in the present action. The summons directed to the Shores-Mueller Company was served upon Van Vechten Shaffer as vice-president of that corporation. A motion to quash the service of summons as to it was made, in which it was claimed that the corporate existence had been terminated and that Van Vechten Shaffer had not been elected a vice-president of the corporation. The parties by stipulation in the present case stipulated in substance that there had never been any termination of the corporate existence of the Shores-Mueller Company. The plaintiffs in their amended complaint and the defendants, in their answer, now admit that Van Vechten Shaffer was elected vice-president of the Shores-Mueller Company in 1931. Officers and directors once elected hold office until their successors are elected. 2 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 344. The record does not indicate that Van Vechten Shaffer ever resigned or that a successor had ever been elected. He must be deemed to constitute one of the last known officers of the Shores-Mueller Company. In Section 11077, Code of Iowa 1939 it is provided that when service on a corporation is to be made, it may be made "on any of the last known or acting officers." Service on the last known vice-

president of a corporation, gives a court jurisdiction of the corporation. Bennett v. Chicago Lumber & Coal Co., 1926, 201 Iowa 770, 208 N.W. 519 superseding 198 N. W. 498. Under Rule 4(d) (3) and (7) of the Federal Rules of Civil Procedure a corporation may be served with a federal court summons in the manner authorized by the law of the state where the service is made. Neither of the motions to quash were ruled upon by the court for the reason hereafter indicated. However, assuming that the plaintiffs in the present case can raise the question of jurisdiction of the court as to Don Barnes and the Shores-Mueller Company, it now appears that the court did have jurisdiction as to them. The plaintiffs in their complaint in case No. 41 stated that they were stockholders of the Shores-Mueller Company. In paragraph 2 of the complaint, it is stated that (italics supplied): "The plaintiffs bring this suit *in the right of said corporation,* as stockholders thereof, and also for themselves *as individual stockholders* entitled to the assets of said corporation, if it be found that the charter of the corporation has been forfeited or cancelled." In paragraph 11 of the complaint, it is stated that whether the Shores-Mueller Company "still has any corporate existence is doubtful." The plaintiffs claimed in substance that the defendants had despoiled the Shores-Mueller Company of its assets by means of a collusive and fraudulent receivership and receiver's sale, and that the Shores Company had the assets. The plaintiffs asked judgment against the defendants and further asked: "that if the court shall find that the Shores-Mueller Company has any status as a corporation that they account for its assets fraudulently and unlawfully converted as aforesaid, and that the said defendant, Shores-Mueller Company, recover of the other defendants the amounts found due, and that the Shores Company be required to reconvey and re-deliver to the defendant, Shores-Mueller Company, the * * * assets which it received by the illegal conversion * * * and for the rents, issues and profits earned while in unlawful possession of the property of the Shores-Mueller Company to make due accounting therefor; and in the event it be found that the Shores-Mueller Company has no legal status as a corporation, that these plaintiffs have for themselves, and all other stockholders who may join in this action, an ac-counting, judgment and decree as will equal in value the real estate, assets, good will and rents, issues and profits derived from the ownership and control of the Shores-Mueller Company as converted by the defendants, and to which the plaintiffs herein are entitled to as stockholders of said corporation, and for such other and further relief as may be just and equitable in the premises." The plaintiffs stated that no demand had been made to secure action by the corporation, as the defendant wrongdoers were in control of the corporation, and because the corporate existence of the corporation was doubtful. On August 27, 1941, certain of the defendants including Van Vechten Shaffer, Arthur Barlow and Frank Byers filed a motion to dismiss. Don Barnes was not named a party to the motion. The motion of Don Barnes to quash service, heretofore referred to, was still pending. The grounds of the motion to dismiss were in substance: (1) Because the complaint showed by its allegations that the claims of the plaintiffs were barred by the Statute of Limitations of the State of Iowa; (2) that the matters complained of were barred by laches; (3) that the complaint failed to set forth with particularity the effort or efforts of the plaintiffs to secure from the directors or trustees the action they desired; (4) that it did not affirmatively appear that the plaintiffs are such stockholders as are entitled to maintain the action; and that the plaintiffs had no right to maintain the action; (5) that the action sought to collaterally attack the receivership proceedings and sale in the Superior Court in Cedar Rapids; (6) that the plaintiffs' complaint failed to state a claim or state matters upon which relief could be granted; (7) that there was no jurisdiction (a) because the Shores-Mueller Company had not been served with summons, or in fact made a party; (b) lack of the required diversity of citizenship. On September 2, 1941, the motion to dismiss was argued and submitted to the court. On September 13, 1941, the trial court (Judge George C. Scott) entered the following judgment of dismissal: "For the reasons stated in the opinion this day filed, and a finding of the court that the cause of action stated in the complaint is barred by the statute of limitations, It is now ordered and adjudged that the complaint in the above-entitled cause be and the same is hereby dismissed." Filed with the judgment was an opinion

by Judge Scott. Wilson v. Shores-Mueller Co., D.C.N.D.Iowa 1941, 40 F.Supp. 729. The court in the opinion stated that because of the dismissal of the action, that it was not necessary to consider the motions to quash or the other grounds of the motion. The trial court, on October 10, 1941, denied an application for rehearing and to vacate and denied leave to file a proposed amendment. In a supplemental opinion filed in connection with that ruling, the trial court stated: "It seems to me that should the amendment be filed, the amended complaint would be equally faulty with the complaint in its original state. In other words, it seems evident that the original ,complaint as amended, shows that the action was barred by the five year statute. * * *" No appeal was taken from the action of the trial court in dismissing the action, and the judgment in case No. 41 stands as a final adjudication.

 Because of relation of case No. 41 to the present case, it is necessary to determine what was the nature of the action in case No. 41, and what was necessarily adjudicated by the judgment in that case. The complaint in case No. 41 is very similar to the bill in equity in the Jones v. Missouri-Edison Electric Company litigation hereto referred to. In the Missouri-Edison case, the plaintiff stockholders alleged that the defendants had despoiled the corporation and destroyed its corporate existence. The plaintiff asked for rehabilitation of the corporation and relief in its favor or in the alternative for a decree giving the plaintiff individually a direct lien upon the property in the hands of another corporation. 144 F. 765, 777. The 8th Circuit Court of Appeals in that case stated (144 F. at page 777): "The facts set forth in the bill are sufficient to sustain both his claim on his own behalf and his claim on behalf of the corporation. And where the same facts sustain the claim of a stockholder on his own behalf and his claim on behalf of his corporation and warrant the same or similar relief, it is not the duty of a court of equity, one of whose functions is to avoid a multiplicity of suits, to compel him to plead and prove these facts in two separate suits in order to obtain the relief to which he is entitled. It may determine both claims in the same suit and so mold its decree as to mete out substantial justice to all the parties." The plaintiffs in case No. 41 similarly asked recovery for the corporation if it was still in ex-

istence and in the alternative if the corporation was not in existence for a decree giving them individually a direct judgment against the wrongdoers. While the Eighth Circuit Court of Appeals permits such joinder, that court makes it clear in the case of Thompson v. Bomar, 258 F. 339, 343 (part of the Jones v. Missouri-Edison Electric Company litigation) that such litigation constitutes but "one case, upon one cause of action" with two different phases. In case No. 41, Judge Scott adjudicated that "the cause of action stated in the complaint was barred ·by the statute of limitations." In case No. 41 the complaint was dual in character, as to one phase, it was ·a stockholder's derivative suit asking relief in behalf of the Shores-Mueller Company, and as to the other phase, it was a suit by the stockholders for personal, direct and individual recovery. Judge Scott denied the plaintiffs any relief. That denial was not based upon a matter of abatement, but upon a matter of bar. Thus, the situation in regard to case No. 41 is that the plaintiffs asked for relief in behalf of the Shores-Mueller Company or for themselves individually, and a judgment was entered denying them any relief at all. It is the view of the court that the judgment in case No. 41 constitutes a bar to any subsequent suit brought in behalf of the Shores-Mueller Company against the defendants Van Vechten Shaffer, the Shores Company, Don Barnes, Arthur Barlow and Frank Byers upon the same claim. The matter of the judgment in case No. 41 constituting an adjudication as to the individual rights of stockholders who did not participate in the action will be referred to later.

 Because of one matter, separate mention should be made as to the situation of the defendant, Don Barnes, in connection with the judgment of dismissal in Case No. 41. The judgment of dismissal was made, as heretofore noted, upon a motion filed by Van Vechten Shaffer, Arthur Barlow, Frank Byers and the Shores Company and others. The evident reason for Don Barnes not joining in the motion was that he had pending and undisposed of his motion to quash service. The complaint in case No. 41 stated the despoiling of the corporation was all a part of one plot and conspiracy in which Don Barnes participated. It was the view of Judge Scott (40 F.Supp. 729) in his judgment of dismissal, that such dismissal also ended the case as to Don Barnes, and that therefore, it

was not necessary to rule on his pending motion to quash service. It is the holding of the court that judgment of dismissal in case No. 41 constituted a dismissal of the entire case as to all defendants and operated as an adjudication in favor of Don Barnes the same as it did in favor of the other defendants. Dillavou v. Dillavou, 1909, 142 Iowa 291, 120 N.W. 628. The plaintiffs stated of record in the present case, that case No. 41 was not a collusive case, so that feature is not involved. It should be noted that as to the defendants, Van Vechten Shaffer and the Shores Company, case No. 41 was a second adjudication in their favor, the other being case No. 9458 heretofore referred to. On October 1, 1942, the original complaint in the present action was filed. The present case is case No. 62. Thomas Liken, Dorothy Brauer, Grace L. Nystrom, Lorraine Wilson, and Lynn J. Hedin, Administrator, were the plaintiffs, and Van Vechten Shaffer, Don Barnes, Arthur Barlow, Frank Byers, the Shores Company and the Shores-Mueller Company were named as defendants. The plaintiffs were represented by attorney F. E. Northrup, and the law firm of Hoffman and Hoffman. The plaintiffs stated that they were stockholders in the Shores-Mueller Company, and in paragraph 5 of the complaint that they "bring this suit on behalf of themselves and all other stockholders of the Shores-Mueller Company similarly situated who may choose to participate in this suit, and contribute to the expense thereof." The plaintiffs in their complaint claimed in substance that the defendants had despoiled the Shores-Mueller Company of its assets by means of fraudulent and collusive receivership proceedings and receiver's sale, and that the Shores Company had the assets. The complaint contained allegations as to wrongdoing on the part of the defendants similar in detail and language to that contained in the complaint in case No. 41 and in the petition in case No. 9458 heretofore referred to. The plaintiffs in paragraph 28 of their original complaint in the present action stated: "That these plaintiffs have no speedy or adequate remedy at law for the reason that a multiplicity of suits would result, and that only through an action in equity can the defendants interests in the former assets of the Shores-Mueller Company be impressed with a trust for the use and benefit of these plaintiffs and their fellow stockholders of the Shores-Mueller Company." The relief prayed for was that the individual defendants be declared to be trustees of the stock they now hold in the Shores Company for the use and benefit of the plaintiffs and the other stockholders of the Shores-Mueller Company, and that the defendants render an accounting of their activities while in control of the Shores-Mueller Company from March of 1931 to February 27, 1933.

On November 28, 1942, the plaintiffs filed a brief in the clerk's office which is a part of the files in this case. On page 6 of that brief in referring to the complaint filed by them they stated: "as set forth in allegations 5, 19, and 25, and the prayer for relief, the plaintiffs seek to have the defendants account to them as minority stockholders. There is no prayer or relief sought that the Shores-Mueller Company be reimbursed, and the assets transferred to it." It seems clear that under the original complaint in this case, the plaintiffs were asking only for individual and direct recovery and relief for themselves and that they were desirous of making it definite and certain that they were not asserting any claim in behalf of the Shores-Mueller Company. It would seem from the briefs and argument in connection with the original complaint, that the plaintiffs at that time were relying for recovery upon the doctrine of the case of Southern Pacific Company v. Bogert, supra. Under the doctrine of that case, where the majority stockholders freeze out the minority, and no injury is done to the corporation itself, the minority stockholders have an individual and direct right of recovery from the wrongdoing majority. The defendants then filed a motion to dismiss the original complaint. Among numerous grounds stated, it was stated that the claims of the plaintiff were barred by the Iowa statutes of limitations; that the matters complained of were barred by laches, and that the matters complained of had been adjudicated in case No. 41, Wilson v. Shores-Mueller Co., D.C., 40 F.Supp. 729. The parties then stipulated that in considering the motion to dismiss, the court could consider on the question of previous adjudication the files in case No. 41, the same as though introduced in evidence. On April 15, 1943, the motion to dismiss was argued and submitted to the court. On April 17, 1943, Judge Scott filed his findings of fact and conclusions of law which appear in Liken v. Shaffer, D.C.N.D. Iowa

1943, 50 F.Supp. 103. Pursuant to such findings of fact and conclusions of law, Judge Scott, on April 17, 1943, entered the following judgment: "It is, therefore, ordered and adjudged that the plaintiffs petition be dismissed as to all plaintiffs other than Thomas Liken, Dorothy Brauer and Grace L. Nystrom, because all issues have been heretofore adjudged in case No. 41; as to the plaintiffs, Thomas Liken, Dorothy Brauer, and Grace L. Nystrom, because the case as to them is fully barred by the Iowa Statutes of Limitations heretofore referred to." All of the plaintiffs except Lynn J. Hedin, administrator, appealed to the Eighth Circuit Court of Appeals. That court reversed in part and affirmed in part. Liken v. Shaffer, 1944, 141 F.2d 877, certiorari denied 323 U.S. 756, 65 S.Ct. 90, 89 L.Ed. 605. The Eighth Circuit Court of Appeals held in substance that the holding of the trial court, that the claims of Thomas L. Liken, Dorothy Brauer and Grace L. Nystrom were shown on the face of the complaint to be barred by the statute of limitations, was erroneous, because the nature of their claims was such that evidence in support of their claims could show that their claims were not barred by the statute of limitations. As to the plaintiffs, Lorraine Wilson and Huldah Diekman, the Circuit Court affirmed the trial court's holding that the proceedings in case No. 41 was res judicata as to them.

Upon remand by the Eighth Circuit Court of Appeals, the plaintiffs, pursuant to leave of court, filed an amended complaint. In it, the plaintiffs, M. J. Hedin, administrator, Lorraine Wilson, and Huldah Diekmann were dropped as plaintiffs and the following stockholders were added as plaintiffs, Irene Larue, Fred W. Mueller, Carrie Mueller and Mrs. W. E. Godso. The new additional plaintiffs had not participated in case No. 41. The amended complaint in substance complains of the same wrongs that were complained of in the original complaint and in case No. 9458 and in case No. 41, and asks for individual recovery and accounting in favor of the plaintiffs and in the alternative for recovery and relief in favor of the Shores-Mueller Company. The amended complaint is dual in nature, and is in that regard, similar to the complaint in case No. 41, and the bill in equity in the case of Jones v. Missouri-Edison Electric Company, supra. The amended complaint changed the present action from an action solely for individual and direct relief by the plaintiffs to a combination stockholder's derivative suit and an individual and direct suit. The continued legal existence of the Shores-Mueller Company having been established, it would seem that the feature of individual and direct relief and recovery is no longer involved, even though it be assumed that all the allegations of the plaintiff's amended complaint are true and correct. It seems clear that the plaintiffs under their amended complaint in the light of the present record have not brought themselves within the rule of Southern Pacific Co. v. Bogert, supra, or Jones v. Missouri-Edison Electric Co., supra, or Ritchie v. McMullen, supra, under which direct recovery and relief could be given to individual stockholders. It is the present argument of the plaintiffs that the present action now stands as a stockholder's derivative suit in which a claim is being asserted in behalf of the Shores-Mueller Company, and that such claim has not been barred by a previous adjudication or previous adjudications.

The general rule is that a judgment in a stockholder's derivative suit is not ordinarily res judicata as to a right of action that a stockholder may have in his individual capacity. Dana v. Morgan, supra; Harris v. Pearsall, 1921, 116 Misc. 366, 190 N.Y.S. 61; 13 Fletcher Cyclopedia Corporations, Perm.Ed., Sec. 5933. It is also the general rule that ordinarily a suitor suing in his individual capacity is not barred by an adjudication in an action to which he was not a party.

As the present case stood at the time it was before Judge Scott and the Eighth Circuit Court of Appeals, it was solely an individual and direct suit and not a stockholder's derivative suit. The question of case No. 41 being res judicata in a subsequent stockholder's derivative suit was not passed upon by Judge Scott or the Eighth Circuit Court of Appeals. The Eighth Circuit Court of Appeals held in substance that a direct and individual suit by certain plaintiff stockholders was not barred because certain stockholders other than those plaintiffs had participated in case No. 41. For the first time in the entire litigation, the question is presented whether the claim now being asserted in behalf of the Shores-Mueller Company in this case under the amended complaint is barred by the judgment in case No. 9458 and the judgment in case No. 41. That question did not come into the case until the complaint was

amended following remand. The Eighth Circuit Court of Appeals, as heretofore noted, permits the joining in one action a stockholder's derivative suit asking for recovery and relief in behalf of the corporation together with a claim for individual recovery by the stockholder bringing the action. That does not mean, however, that the judgment rendered in such an action is without standing as an adjudication. The judgment in case No. 41 was not a judgment in abatement, it was a judgment of bar. In case No. 41, the complaint was dual in nature asking for recovery and relief in behalf of the Shores-Mueller Company or the plaintiffs individually. A judgment was entered in that case denying all relief. Case No. 9458 was a stockholder's derivative suit. The claim which was asserted against the defendants, Van Vechten Shaffer and the Shores Company in that action in behalf of the Shores-Mueller Company, is the same claim now being asserted against them in the same manner in the present action. In case No. 9458 there was an adjudication in favor of Van Vechten Shaffer and the Shores Company which stands unreversed. In case No. 41, the claim which was asserted in behalf of the Shores-Mueller Company against the defendants, Van Vechten Shaffer, the Shores Company, Don Barnes, Arthur Barlow and Frank Byers is the same claim now being asserted against them in the same manner in the present action. In case No. 41 there was an adjudication in favor of those defendants which stands unreversed.

The plaintiffs cite a number of cases having to do with class actions under Rule 23 (a) of the Federal Rules of Civil Procedure. Under Rule 23(a), it is required that the one or more who bring the action must adequately represent the class. The matter of stockholder's derivative action is governed by Rule 23(b) which does not make a similar requirement. In Galdi v. Jones, 2 Cir., 1944, 141 F.2d 984, 992, the court states: "The history of 23(b) makes it plain that the requirements of 23(a)—as to evidence of a numerous class * * * and the like—do not apply to such actions. In holding otherwise, the lower court was in error." In the same opinion, in footnote 3(b), 141 F.2d at page 992, in regard to Rule 23(b) it is stated: "The committee's comments * * * state that it is 'Equity Rule 27 * * * with verbal changes.' Under that former rule, a single stockholder or a few stockholders could sue without any such showing as is required by F. R. C. P. 23(a). Carter v. Carter Coal Co., 298 U.S. 238, 286, 56 S.Ct. 855, 80 L.Ed. 1160; * * *."

It would appear that in case No. 41, the plaintiffs asked for relief under Rule 23(b) and in the alternative under Rule 23(a). In the original complaint in the present action, they asked for relief solely under Rule 23(a). Under the present amended complaint in the light of the record they ask for relief under Rule 23(b). It is not now necessary to determine under what circumstances the absent members of a class are barred by a judgment in a proceeding under Rule 23(a). All that is now involved is what effect is to be given to judgments in stockholder's derivative suits in a subsequent stockholder's derivative suit. That has to do with matters under Rule 23(b) and not with matters under Rule 23(a).

There is one matter that should be specially noted. In paragraph 17 of the amended complaint, the plaintiffs allege on information and belief that while the defendants were in control of the Shores-Mueller Company from March 1931 to February 7, 1933, that they received in behalf of that company the sum of $32,450 in settlement of a fire insurance loss and that the defendants had failed to account for it. This same claim was contained in the petition in case No. 49535, but as previously noted, there was no adjudication in that case. This claim was not contained in the original complaint or in the petition in case No. 9458 or in the complaint in case No. 41. There has been no adjudication as to that claim. In paragraph 17 of the amended complaint, the plaintiffs allege on information and belief that the defendants during the period from March 1931 to February 7, 1933, while they were in control of the Shores-Mueller Company, reduced the inventory and accounts and bills receivable in a large amount without reducing the obligations of the Shores-Mueller Company in a comparable amount. That particular claim was not contained in the original petition in this case, and was not contained in the petition in case No. 9458 or in the complaint in case No. 41. There has been no adjudication of that claim.

It is the holding of the court that except as to the matters set forth in paragraph 17 of the present amended complaint, that the judgment in case No. 9458 con-

stitutes a bar in favor of Van Vechten Shaffer and the Shores Company as to all claims asserted against them in behalf of the Shores-Mueller Company in the present amended complaint. It is the holding of the Court that except as to the matters set forth in paragraph 17 of the present amended complaint, that the judgment in case No. 41 constitutes a bar in favor of Van Vechten Shaffer, the Shores Company, Don Barnes, Arthur Barlow and Frank Byers, as to all claims asserted against them in behalf of the Shores-Mueller Company in the present amended complaint.

Judgment is entered in accordance with the opinion.